[No. 9775. Department One.—September 24, 1885.]

# FRIEND AND TERRY LUMBER COMPANY, RESPONDENT, *v.* P. A. MILLER, APPELLANT.

PLEADING—SEPARATE CAUSES OF ACTION—AMBIGUITY.—In an action to recover the price of goods sold and delivered, an allegation that a certain further sum is due as interest does not introduce a separate cause of action, or render the complaint ambiguous, unintelligible, or uncertain.

SALE—FAILURE TO DELIVER—DAMAGES.—A loss resulting to the vendee in a contract of sale from a failure to realize upon a contract with a third person, which was known to the vendor at the time of the sale, *held*, too remote to be recovered as damages from the vendor for a delay in delivering the goods, although the delay was the cause of the vendee's failure to realize upon his contract.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Grove L. Johnson*, for Appellant.

The evidence of the defendant's loss from the non-delivery by the plaintiff should have been admitted. (*Leonard* v. *N. Y. etc. Tel. Co.* 41 N. Y. 566; *McHose* v. *Fulmer*, 73 Pa. St. 365; *Collins* v. *Baumgardner*, 52 Pa. St. 461; *Parks* v. *Alta Tel. Co.* 13 Cal. 422; 73 Am. Dec. 589; *Griffin* v. *Colver*, 16 N. Y. 489; *Baldwin* v. *Bennett*, 4 Cal. 392; *Milburn* v. *Belloni*, 39 N. Y. 53; *Roth* v. *Eppy*, 80 Ill. 283; *Kellogg* v. *C. & N. W. R. Co.* 26 Wis. 223.)

*Young, Young & Dunn*, for Respondent.

SEARLS, C.—Action to recover $1,807.40 for lumber, building material, and piles, sold and delivered by plaintiff to defendant.

Plaintiff had a verdict for $1,087.90, upon which judgment was entered.

The appeal is taken from the judgment and from an order denying a motion for new trial.

Defendant interposed a demurrer to the complaint, which was overruled.

The demurrer was properly overruled. The pleading after averring the indebtedness of defendant in the sum of $1,578.97, on account of certain lumber, building material, etc., sold and delivered to defendant by plaintiff between October, 1880, and August, 1882, proceeds to aver that defendant is further indebted in the sum of $228.43, on account of interest to August 1, 1882, due on said sum.

The interest was but an incident of the principal thing, the debt due to plaintiff.

It did not constitute and was not treated in the complaint as forming a separate cause of action. The simple statement in concise language that a given sum was due for interest up to a given date on the principal sum, did not render the complaint ambiguous, unintelligible, and uncertain in any respect.

At the trial, defendant introduced testimony tending to show that he contracted with plaintiff for certain piles and lumber to be used in pursuance of a contract with the drainage commissioners, which he had agreed to finish within a given time, all of

which was known to plaintiff, who agreed to furnish the same when required. Defendant then offered to prove that plaintiff failed to furnish the piles in time, whereby he was delayed in the completion of his contract and failed to realize the money therefor, which but for such delay he would have received from the State through the drainage commission.

The testimony was offered in various forms, but all tending to the same end, viz., to show that by the delay of plaintiff, defendant was prevented from completing his contract for so long a time that he did not receive his pay from the State, was compelled to borrow money to carry on the "work that the piles were to be used in," etc.

It was objected to this evidence that it was irrelevant, immaterial, and incompetent; that the damages sought to be proven were too remote; that the act under which defendant was acting was invalid, etc.

The objections were sustained and this action of the court is assigned as error.

The damages sought to be proven were not the proximate result of plaintiff's violation of its contract.

Section 3300 of the Civil Code provides that "for the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom."

Rules prescribing the measure of damages based upon such principles of justice and equity as shall be uniform, definite, and exact, are not readily formulated.

We know of no branch of the law in which greater conflict and contradictions exist than are to be found in the adjudicated cases on this subject.

The most that has been or that can be done, is to formulate such arbitrary rules as the subject to which they are applied considered, will in the great majority of cases afford such measure of indemnity as the ends of justice will warrant.

*Complete indemnity* in its broadest sense cannot and ought not in all cases to be obtained.

To illustrate, the measure of damages on a breach of an

ordinary contract for the payment of money, is the amount agreed to be paid with interest.

It will frequently occur that the payment of principal and interest may fall far short of indemnity.

The creditor from the want of the money may have suffered in his credit or become bankrupt and lost his fortune.

Complete indemnity would require compensation for all such losses.

But to adopt and enforce such a rule would tend to drive all but the reckless and impecunious from all business transactions involving monetary obligations.

For reasons, which on reflection become very apparent, the measure of damages for the "breach of a contract," as it is usually termed, is confined to the amount which will, in the language of the Code, above quoted, "compensate the party aggrieved for all the detriment *proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.*"

The wisdom of the doctrine, as contained in this provision of the Code, has been recognized by most writers upon the subject of damages.

Field, in his work on Damages, section 10, says:—

"To trace remote effects of causes would often be a difficult, if not an impossible task. It would require an infinite mind. Each cause produces results that in turn, alone or by combination with other causes, produces other effects, and so *ad infinitum.* It is a subject too abstruse and complicated for the human mind."

The damages must be proximately caused thereby — that is, such as *next immediately follow and are produced by the act complained of,* or if not thus proximate, such as in the ordinary course of things would be likely to result therefrom.

The case of *Smead* v. *Foard,* cited at section 254, Field on Damages, illustrates clearly the doctrine we are considering, and the distinction between proximate and remote damages: "The defendant had contracted to deliver a thrashing machine to a farmer within three weeks, knowing it was needed to thrash wheat in the field, but did not deliver it at the time agreed, and after reasonable efforts to secure the crop the plaintiff's wheat was injured by the necessary delay in saving it, and in

consequence of a rain, and he sustained a further damage from a fall in the market price which occurred before it could be kiln-dried and got ready for sale; he was held entitled to recover the loss by the injury to the wheat, but not to the change in the market, as the former loss might well have been in the contemplation of the parties, but not the latter."

The doctrine of that case illustrates what should be the rule here.

Defendant here contracted for piles to be used in the fulfillment of a contract with the drainage commissioners, of all of which plaintiff was aware. By the delay of the latter in delivering the piles defendant suffered loss, was compelled to pay for the use of a pile-driver, lost his time, and sustained other expenses, which he proved, and as the verdict was for less by $700 than the amount claimed and proved by plaintiff, we may reasonably infer defendant was allowed a deduction on account of the damages thus sustained. He sought, but was prevented from proving, the loss he sustained by failure to collect the money due him from the State.

The failure of plaintiff to deliver the piles in time was a *remote* not a *proximate* cause of defendant's failure to receive compensation on his contract. It is said the drainage act under which defendant was a contractor was declared unconstitutional. Whether defendant failed from this cause or because the fund from which he was to be paid was exhausted, or from any other like cause to receive payment from the State, seems to us unimportant.

This is not a loss "which in the ordinary course of things would be likely to result" from a failure to deliver under the contract.

It was damages which could not well have been contemplated by the parties when they entered into the contract.

The failure of defendant to secure compensation from the State·was a result brought about by the interposition of other agencies; dependent upon independent causes over which plaintiff and defendant had no control, and could not have contemplated. It was a loss which, like the change in the market price of wheat mentioned in *Smead* v. *Foard, supra,* was too remote to have been contemplated.

We are of opinion the judgment of the court below and the order denying the motion for a new trial should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.