[S. F. No. 3576. In Bank.—March 24, 1906.]

## SMITHS' CASH STORE, Appellant, v. FIRST NATIONAL BANK OF SAN FRANCISCO, Respondent.

BANKS—ACTION BY DEPOSITOR—DAMAGES FOR REFUSAL TO PAY CHECKS —STATUTE OF LIMITATIONS.—An action by a depositor against a bank for damages to its credit consequentially resulting from the refusal of the bank to pay checks drawn upon it by plaintiff, whether the alleged cause of action be good or not, is barred by the statute of limitations in two years, under section 339 of the Code of Civil Procedure, as being clearly ''upon a contract, obligation, or liability, not founded upon an instrument of writing.''

ID.—RELATION BETWEEN BANK AND DEPOSITOR—DEBTOR AND CREDITOR —TRUST RELATION NOT INVOLVED.—Where a deposit is made in a bank, it becomes the property of the bank, and the relation between the bank and the depositor is merely that of debtor and creditor for the amount of the deposit, payable on demand and on checks of the creditor. There is no trust relation between the parties, and the bank is guilty of no breach of trust in employing the money in any way it sees fit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

E. R. Bellew, and Denson & Schlesinger, for Appellant.

Lloyd & Wood, for Respondent.

McFARLAND, J.—The demurrer to the complaint was sustained and judgment rendered for defendant, and from this judgment plaintiff appeals.

The demurrer was upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, and that the alleged cause of action is barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure. The substantial averments of the complaint are these: That at the times mentioned in the complaint the plaintiff was engaged in conducting a "general merchandise and commission business," and the defendant was carrying on "a general banking business"; that for several years prior to January 29, 1900, plaintiff as a depositor had an account with defendant; that on January 29, 1900, plaintiff deposited with defendant four thousand dollars, and on said day drew checks for certain amounts upon defendant in favor of various persons, such checks amounting in the aggregate to $3,679.55; that said checks were presented by the holders thereof to the defendant for payment on January 30, 1900, and on said day the defendant refused to pay or honor said checks, or any of them, and returned them to the holders thereof with the statement that defendant had not sufficient funds on deposit to insure their payment. It is then averred that by the refusal of the defendant to pay checks plaintiff was greatly injured in its credit; that its creditors threatened litigation and attachments, and to avoid the same plaintiff was compelled to make certain assignments of its property, and in making such assignments, and in matters incident thereto, plaintiff was put to large expense, and compelled to pay out large sums of money amounting to twenty-five thousand dollars; that it was compelled to sell large quantities of its goods at a sacrifice, and suffered a loss thereby in the sum of twenty-five thousand dollars; that in order to meet the demands of its creditors it had to borrow large sums of money at large rates of interest, and suffered other damage, all to the amount of one hundred thousand dollars. The purpose of the action, and the prayer of the complaint, is not to recover judgment for the amount of the four thousand dollars, and interest, deposited with defendant, but to recover one hundred thousand dollars damages, alleged to have been the consequential result of the refusal of the defendant to pay the said checks for $3,679.55.

We need not definitely pass upon respondent's contention that no cause of action is stated because the complaint merely

shows that the alleged wrongful act of defendant was the breach of an obligation to pay money only, and that the damage for such breach is, as declared in section 3302 of the Civil Code, "the amount due by the terms of the obligation, with interest thereon"; for, even if plaintiff had a cause of action as alleged, it was barred by the statute of limitations. The alleged cause of action, whether good or not, was clearly "upon a contract, obligation, or liability, not founded upon a written instrument," and therefore, under section 339 of the Code of Civil Procedure, was barred in two years after it accrued. The alleged cause of action in the case at bar was the refusal of the defendant to pay the checks, and it accrued on January 30, 1900, the time of said refusal, and as the action was not commenced until more than two years thereafter, it was barred by the provisions of said section. (*Lattin* v. *Gillette*, 95 Cal. 317, [30 Pac. 545, 29 Am. St. Rep. 115]; *Wood* v. *Currey*, 57 Cal. 209.) Appellant seems to contend that there was some sort of a trust relation between the parties which respondent fraudulently violated, and that therefore the action may be considered as founded on fraud, and within the three years' limitation of subdivision 4 of section 338; but it is well settled here that the relation between a general depositor and the bank in which his deposit is made is simply that of debtor and creditor. The moneys deposited immediately become the property of the bank, and the latter becomes the debtor of the depositor for the amount of the deposit, the same being payable on demand and on checks of the creditor. (*San Francisco* v. *Lux,* 64 Cal. 483, [2 Pac. 254]; *Janin* v. *London and San Francisco Bank*, 92 Cal. 14, [27 Pac. 1100, 27 Am. St. Rep. 82].) This relation is stated by Morse on Banking (p. 26) as follows: "The ordinary relation existing between a bank and its customer, if not complicated by any further transaction than that of the depositing and withdrawing of moneys by the customer from time to time, is simply that of debtor and creditor at common law. The original and every subsequent deposit by the customer is in strict legal effect a loan by the customer to the bank, and *e converso* every payment by the bank to, or on account of, the customer is a repayment of the loans *pro tanto*. Wherefore it follows that the customer can never hold or charge the bank as a trustee, quasi trustee,

factor, or agent.'' In *Foley* v. *Hill*, 2 H. L. C. 37, the principle is stated as follows: ''The money placed in the custody of a banker is, to all intents and purposes, the money of the banker, to do with it as he pleases; he is guilty of no breach of trust in employing it; he is not answerable to the principal if he puts it into jeopardy, if he engages in a hazardous speculation; he is not bound to keep it, or deal with it as the property of his principal, but he is, of course, answerable for the amount, because he has contracted, having received that money, to repay to the principal, when demanded, a sum equivalent to that paid into his hands.'' There was, therefore, no relation of trust between plaintiff and defendant. The averment of the complaint that defendant, ''with intent to defraud the plaintiff out of said sum of money, did then and there, secretly, willfully, knowingly, and fraudulently withdraw from plaintiff's account at said bank the sum of $4,000, being the money deposited by plaintiff for the payment of said check, and converted said money to its own use and benefit,'' is of no significance. The money deposited by plaintiff was the property of defendant and the latter could not convert its own money.

The judgment appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.