## MASTORAS v. CHICAGO, M. & ST. P. RY. CO.

### (District Court, W. D. Washington, N. D. · September 2, 1914.)

### No. 2761.

DAMAGES (§ 120*)—BREACH OF CONTRACT—ELEMENTS OF DAMAGE—INJURY TO
REPUTATION OR BUSINESS.

In an action for defendant's breach of contract employing plaintiff to procure for it foreign laborers from among his own countrymen, plaintiff was entitled to recover all damages proximately resulting from his discharge, consisting of expenditures necessarily made by him and loss of compensation; but he could not recover for alleged injury to his reputation and business as an employment agent.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291–305; Dec. Dig. § 120.*]

At Law. Action by Jerry M. Mastoras against the Chicago, Milwaukee & St. Paul Railway Company. On motion to strike certain parts of the amended complaint. Granted.

H. A. P. Myers and Walter L. Johnstone, both of Seattle, Wash., for plaintiff.

George W. Korte, of Seattle, Wash., for defendant.

NETERER, District Judge. The plaintiff, in his amended complaint, after alleging jurisdictional facts, states in substance that he is a native of Greece, and has been a resident of the United States for a period of ten years, and enjoys extensive acquaintance with "hundreds of citizens from his native country," and for several years has been in the employment business, procuring employment for laborers from his own countrymen, that he has been able to control large numbers of laborers of foreign birth, that for two or three years prior to the month of February, 1914, he had been employed by the defendant company as their labor agent; and then alleges, in paragraph 5 of the first cause of action, that he was employed to go to Chicago to procure several hundred men, that he secured the men as per instructions, and that, after securing the men and assembling them in Chicago, the defendant repudiated its agreement and refused to take the men so assembled, and—

"that, by reason of defendant's refusal to take the men, said plaintiff was compelled to flee from the city of Chicago for fear of receiving great bodily injury at the hands of the large number of men whom plaintiff had so employed, greatly humiliating plaintiff, and working great and irreparable damage to his reputation, standing, and employment business among his fellow countrymen as an employer of laborers."

And he further alleges, in paragraph 6, that he was compelled to and did expend the sum of $300 in the expenses incurred in making the trip to Chicago—

"and defendant, by reason of defendant's unlawful and wrongful repudiation of said agreement with plaintiff, has injured plaintiff's reputation and influence with plaintiff's countrymen and acquaintances in and around Chicago, and has injured plaintiff's business standing, all to plaintiff's damage in the sum of $5,000."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And in his second cause of action plaintiff alleges facts with relation to employment and repudiation on the part of the defendant, and then states, in paragraph 5:

"That by reason of defendant's wrongful repudiation and breach of said agreement, plaintiff's reputation, standing, and employment business in this community have been greatly and irreparably injured to plaintiff's damage in the sum of $5,000."

And in paragraph 6:

"That, had the defendant fulfilled its said agreement with this plaintiff to give plaintiff all its employment work in and around Seattle and Tacoma, plaintiff would have made a net profit during the year of 1914 of the sum of five thousand dollars ($5,000)."

Plaintiff further states that he has been damaged in the sum of $500 on account of money advanced in the expenses, rentals, license fee, and incidental outlay in procuring his employment office in the city of Tacoma, and prays judgment in the sum of $15,800.

To this complaint the defendant has filed a motion to strike the part quoted from paragraphs 5 and 6 of the first cause of action and paragraph 5 and a part of paragraph 6 of the second cause of action.

The question to be determined is whether damages for loss of business reputation are recoverable in an action upon breach of contract of employment. Plaintiff has cited and relies upon Skagit Railway & Lumber Co. v. Cole, 2 Wash. 57, 25 Pac. 1077, and Graham v. McCoy, 17 Wash. 63, 48 Pac. 780, 49 Pac. 235. The first case was an action to recover damages by reason of failure to comply with the conditions of a contract to cut timber, this failure being occasioned on the part of the defendants by failure to furnish supplies necessary in carrying out the cutting contract, and the court held that the damages recoverable were proximately traceable to the failure on the part of the defendant to comply with the conditions of the contract and were such as reasonably could have been anticipated by the parties. In Graham v. McCoy the same principles and practically the same issue was involved and disposed of by the court.

Do the allegations sought to be stricken state facts within the rule that damages for breach of contract are only such damages as may be reasonably supposed to have been contemplated as a probable result from such breach? The damage for a breach of contract is such a sum as will compensate the party aggrieved for all damages proximately caused, and no damages which are not clearly ascertainable in both nature and origin can be recovered where an employé is discharged from his employment in violation of his contract. The rule, I think, is fairly stated by Moore on Carriers, volume 5, page 1701 (2d Ed.), in which he says:

"In an action for breach of contract the damages recoverable are only such as the parties may be reasonably supposed to have contemplated as a probable result from such breach."

The damages sought to be recovered by the plaintiff by the allegations attempted to be stricken are not damages arising ex contractu. The defendant, by canceling the contract, was exercising a legal right, and is responsible to the plaintiff only for damages which were suf-

fered and which could reasonably have been contemplated by the parties as the outgrowth of the contract. There is no allegation in the complaint that the defendant was guilty of any tortious behavior towards the plaintiff in word or act and that plaintiff suffered damages by reason of such conduct. Dugue v. Levy, 114 La. 21, 37 South. 995. The Supreme Court of California, in Westwater v. Rector, etc., of Grace Church, 140 Cal. 339, 73 Pac. 1055, where a singer's contract, providing that it might be terminated upon six months' notice, was terminated without notice, and she brought an action to recover for injuries to her reputation, to her health and to her feelings, said:

"Injury to the plaintiff's health, feelings, or reputation would not be proximately caused by her wrongful discharge, nor would it be likely to result in the ordinary course of things."

The same court in Friend & Terry L. Co. v. Miller, 67 Cal. 464, 8 Pac. 40, quotes Field on Damages, § 10, as follows:

"To trace remote effects of causes would often be a difficult, if not an impossible, task. It would require an infinite mind. Each cause produces results that in turn, alone or by combination with other causes, produce other effects, and so ad infinitum. It is a subject too abstruse and complicated for the human mind."

And it further quotes section 254, in which he gives the following illustration of the doctrine:

"The defendant had contracted to deliver a threshing machine to a farmer within three weeks, knowing it was needed to thresh wheat in the field, but did not deliver it at the time agreed, and after reasonable efforts to secure the crop the plaintiff's wheat was injured by the necessary delay in saving it, and in consequence of a rain, and he sustained a further damage from the fall in the market price, which occurred before it could be kiln-dried and got ready for sale. He was held entitled to recover the loss by the injury to the wheat, but not to the change in the market, as the former loss might well have been in the contemplation of the parties, but not the latter."

The plaintiff in this case may recover all damages proximately resulting from his discharge, which he sustained, which would be the expenditures necessarily made by him, and loss of compensation, but not for injury to his reputation or business.

The motion to strike should be granted.