[L. A. No. 3483. Department Two.—June 30, 1915.]

## W. H. HARTFORD, Respondent, v. ALL NIGHT AND DAY BANK (a Corporation), Appellant.

BANKING LAW—DISHONOR OF CHECK—DAMAGES.—In an action to charge a bank for its mere negligence in wrongfully refusing to pay a check drawn upon it, the measure of damages is that provided in section 3302 of the Civil Code.

ID.—PROXIMATE RESULT OF.—The arrest and prosecution of the maker of such check under the provisions of section 476a of the Penal Code, by a person who advanced money upon the check, is not the proximate result of the failure to pay the check on presentation, and cannot be made the basis of damages in an action against the bank for its mere negligence in failing to pay the check.

ID.—SAVINGS ACCOUNT—DUTY TO PAY COMMERCIAL CHECK THEREFROM.—Where the drawer of a commercial check has no commercial account, but has a savings account, in the bank, and the by-laws of the bank require a notice prior to withdrawals from savings, but reserving the privilege of paying checks on the savings account when having custody of the pass-book, and the drawer of a commercial check has neither notified the bank nor placed the pass-book with it, it is proper for the paying teller of the bank to return the check unpaid with a slip attached marked "Has no account."

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Fred W. Morrison, and E. B. Drake, for Respondent.

HENSHAW, J.—This is an action for damages. The jury awarded plaintiff two thousand five hundred dollars. Upon defendant's motion for a new trial, by order of court and on the consent of plaintiff, the judgment was reduced to the sum of one thousand two hundred and fifty dollars; whereupon the motion for new trial was denied. Defendant appeals from the judgment and from the order denying its motion for a new trial.

The complaint charged that the defendant was doing a general banking business; that plaintiff was a depositor in the bank, and at the time of the occurrences hereinafter narrated always had more than ten dollars to his credit in the bank. On September 3, 1911, he gave his check on the bank for the sum of ten dollars to one Lewis. This check was indorsed by S. C. Maphet. In due course of business the check was presented to defendant on or about the fifth day of September, "when the bank refused payment thereof, indorsing upon a slip of paper which it attached to said check, 'No Account.'" Following this rejection, Maphet swore to and filed a criminal complaint in a justice's court of Redondo, charging plaintiff with the violation of section 476a of the Penal Code, the crime consisting of the drawing and issuing of a check willfully and with intent to defraud, the drawer knowing at the time that he had not sufficient funds in or credit with the bank to meet the check on presentation. Further, the complaint charged that plaintiff was arrested on September 29th, had his hearing before the justice on October 2d, when the justice dismissed the charge and exonerated the plaintiff. By reason of his arrest and detention plaintiff alleges that he was injured in his reputation and good name, and grievous mental suffering was inflicted upon him, to his damage in the sum of fifteen thousand dollars.

To supplement the facts thus stated, it may be said that at the time plaintiff drew his check he had on deposit in the savings department of the bank the sum of twenty-five dollars. Under the by-laws and rules of this savings bank, this was a time deposit, subject to withdrawal only after notification and time allowance to the bank. The bank reserved the right to waive time and pay upon request, but declared that withdrawals from the savings accounts should be entered on the depositor's pass-book at the time the withdrawal was made, and that it was not bound to make any payment unless the pass-book was presented. The bank also transacted a regular commercial business. What plaintiff actually did was to draw an ordinary commercial check in the sum of ten dollars in favor of himself. This was upon Sunday, the 3d of September. He negotiated it upon that day through the indorsement of Maphet and Jones. The check passed through a Redondo bank and came to defendant's bank under these circumstances and was returned with the printed form of

notice "Has No Account." Plaintiff's pass-book was not even sent with the check, but it appears that after issuing the check he gave his pass-book to a friend, with the request that it be delivered to the bank. The testimony of the friend is that he did this, but in no way was the bank's attention called to the fact that an ordinary commercial check had been drawn which plaintiff expected would be paid out of his savings bank account (he had no other), and that the pass-book was delivered to the bank to the end that the proper entry of withdrawal might be made therein.

The complaint charges the defendant simply with negligence in having rejected the check with the statement that the plaintiff had no account. We gravely question whether, under the indicated circumstances, it can be said that the bank was negligent at all. Certain it is that the paying teller of the bank, called upon to meet the demands of an ordinary commercial check, payable in due course of business out of a commercial account, was justified in indorsing the check as he did indorse it, upon the discovery of the unquestioned fact that the drawer of the check had no commercial account. We do not conceive it to have been the duty of the paying teller under such circumstances to have sought to learn whether the drawer had a savings bank account, whether the pass-book was at the bank, and whether the check should be passed over to the savings department, there paid, and a withdrawal entry made in the pass-book. To the contrary, we conceive it to have been the duty of the plaintiff, as it is the universal practice, where a depositor desires this to be done, himself to have seen that in some proper way the pass-book accompanied the check or was at the bank, or notice was given to the proper officials of the bank to meet the check if the bank was willing to do so; for it was a matter of grace on the part of the bank and not a matter of right with the depositor, that such a check should be paid on presentation at all.

But setting aside from our consideration the question of the negligence of the bank, and assuming further that it was the duty of the bank to have paid this check when and as it was presented, nevertheless, for two quite independent reasons this judgment may not be sustained. We have adverted to the fact that the bank is charged merely with the negligent failure to pay a money demand. Section 3302 of the Civil Code in express terms lays down the measure of

damage for such a failure. The applicability of this section to cases like this has by this court upon more than one occasion been declared and made, notably, *Savings Bank* v. *Asbury,* 117 Cal. 96, [48 Pac. 1081], and *Smith's Cash Store* v. *First Nat. Bank,* 149 Cal. 34, [5 L. R. A. (N. S.) 870, 84 Pac. 663], while the reason for the rule thus limiting and defining the measure of damage has received complete consideration in *Heyman* v. *Landers,* 12 Cal. 107, and *Friend & Terry Lumber Co.* v. *Miller,* 67 Cal. 464, [8 Pac. 40]. The second legal principle, whose application necessarily works a reversal of this judgment, is that the damages claimed are in no legal sense the proximate result of the act of negligence complained of. It did not necessarily follow that plaintiff would be arrested and charged with a felony because of the bank's act. There was no direct causal connection between the two things. There was an interruption and the intervention of an entirely separate cause, which cause was an independent human agency acting with an independent mind. We think this proposition to be so plain as not to demand amplification, and that the needs of the case are fully met by reference to *Friend & Terry Lumber Co.* v. *Miller,* 67 Cal. 464, [8 Pac. 40] ; *Savings Bank* v. *Asbury,* 117 Cal. 96, [48 Pac. 1081] ; *Schwartz* v. *California Gas Co.,* 163 Cal. 398, [124 Pac. 1045] ; and *Loftus* v. *Dehail,* 133 Cal. 214, [65 Pac. 379] ; 32 Cyc. 745.

The judgment and order appealed from are therefore reversed.

Melvin, J., and Lorigan, J., concurred.