AMERICAN DEFENSE SOCIETY, INC., Appellant, v. THE SHERMAN NATIONAL BANK OF NEW YORK, Respondent.

First Department, January 26, 1917.

Bills and notes — liability of bank for payment of checks after order from depositor to stop payment.

A bank check is a mere order upon the bank to pay a sum of money out of the depositor's funds, subject to revocation by the drawer at any time before payment, and if the bank pays after notice of revocation, it will be held to have made payment out of its own funds.

Hence, where a bank, after receipt of a notice from a depositor to stop payment on certain checks, received a letter from said depositor purporting to cancel the prior notice, but not signed by the proper officers and returned the same, and before receiving it again in proper form paid the checks, it is liable for the amount thereof.

APPEAL by the plaintiff, American Defense Society, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of May, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 28th day of April, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Harry W. Newburger*, for the appellant.

*Rutger Bleecker Miller*, for the respondent.

SCOTT, J.:

The action is by a depositor in the defendant bank to recover the amount of three checks paid by the bank in violation, as it is said, of a stop-payment order.    The facts are practically undisputed. . . Plaintiff maintained an account in the defendant bank.    By

the by-laws of the corporation it was provided that all checks or orders for the payment of money should be signed by the treasurer and by the chairman of the board of trustees. It does not appear that defendant had any notice or knowledge of this by-law, and it was evidently agreed between plaintiff and defendant that checks might be drawn by the secretary of the board of trustees or the executive secretary and countersigned by the chairman of the board of trustees. The checks in question were drawn by one George F. Sweeney, the executive secretary, and countersigned by the chairman of the board of trustees, one C. S. Thompson, and no question is made as to the validity of the checks so drawn. They were dated respectively January 19, 22 and 24, 1916, and were drawn in favor of one George Baxter. On January 26, 1916, plaintiff sent a telegram to defendant giving the numbers of the checks and the amounts for which they had been drawn, stating that they had been reported lost, and stopping payment on them, and on the same date wrote a letter to defendant repeating and confirming the telegram. This letter was presented to defendant by George F. Sweeney, the executive secretary, by whom alone it was signed, and retained by defendant. Up to that time the checks had not been paid. On the following day, January twenty-seventh, a Mr. Parry who was connected in business with the payee named in the checks, presented to defendant a second letter on the letterhead of plaintiff and signed only by Mr. Sweeney, the executive secretary, stating that the checks had been found and canceling the stop-payment order. The assistant cashier called attention to the fact that the letter contained only one signature and expressed the opinion that it should be signed by two officers of plaintiff. Thereupon Mr. Parry took the letter back to Mr. Sweeney, the executive secretary, to obtain the counter-signature of the chairman of the board of trustees. Upon consideration and for reasons satisfactory to himself the chairman concluded that he would not sign the letter and ordered it to be destroyed. Neither this letter, nor any other canceling the stop-payment order was ever thereafter presented to defendant, which notwithstanding this fact paid the checks to the payee named therein or his indorsee. It is well settled that a bank check is a mere order upon the bank

to pay a sum of money out of the depositor's funds and that it is subject to revocation by the drawer at any time before payment, and that if the bank pays after notice of revocation it will be held to have made payment out of its own funds and not out of those of the depositor.

In the present case there is no doubt that the defendant before it paid the checks had received ample and specific notice of revocation, and the only question is whether or not that revocation had been effectually withdrawn and canceled. Whether or not the letter canceling the stop-payment order if it had been accepted by the defendant as sufficient would or would not have been legally ineffectual because signed by only one officer of plaintiff is a question which we are not called upon to decide, for defendant itself refused to recognize it as sufficient, and expressly requested that it should be signed by two officers, and sent it back that it might be so signed. After this action the plaintiff was quite justified in believing that defendant would consider the stop-payment order in full effect, until a withdrawal or cancellation was presented to it containing the two signatures which it had required. The fact that the cancellation notice was not returned to defendant should have been sufficient notice to it that the stop-payment order remained in full force and effect, and after the return of the second letter because in defendant's opinion it lacked the proper signatures, it was rendered unnecessary for plaintiff to notify defendant that the stop-payment order was to continue in force.

Under the circumstances we are of opinion that the payment of the checks by defendant was unwarranted, and that plaintiff is entitled to recover the amount paid, with interest.

The judgment and order appealed from are, therefore, reversed, and judgment directed in favor of plaintiff, with costs in this court and the court below. Findings may be submitted and settled on notice.

CLARKE, P. J., McLAUGHLIN, PAGE and DAVIS, JJ., concurred.

Judgment reversed and judgment directed in favor of plaintiff, with costs in this court and in the court below. Findings to be submitted and settled on notice. Order to be settled on notice.