[Civ. No. 4210. First Appellate District, Division One.—April 18, 1922.]

## TEMPEST BEARDEN et al., Appellants, v. BANK OF ITALY (a Corporation), Respondent.

[1] BANKING LAW — DISHONOR OF CHECK BY BANK — ARREST OF MAKER—DAMAGES.—The wrongful refusal of a bank to honor a check drawn by a depositor will not render the bank liable in damages for the arrest and imprisonment of the drawer at the instance of the payees of the check, even though the latter personally notified such bank that unless the check was paid they would cause the arrest of the drawer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

I. M. Peckham for Appellants.

Louis Ferrari and Richard Fitzpatrick for Respondent.

KERRIGAN, J.—Appeal from a judgment in favor of the defendant entered following an order sustaining a demurrer to the complaint without leave to amend.

[1] The action was for damages in the sum of twenty-five thousand dollars, the gravamen of the complaint being that the plaintiff, Tempest Bearden, as the result of the wrongful refusal of the defendant to honor a check drawn by her, was at the instance of the payees of the check arrested and imprisoned and subjected to indignities incidental to such arrest. The complaint contains an allegation to the effect that after a first refusal of the defendant to pay said check upon the ground of lack of funds to meet it, the payees "personally presented said check to said defendant and told said defendant that unless said check was paid they would cause the arrest of said plaintiff, Tempest Bearden,

---

Damages recoverable by depositor for wrongful dishonor of check by bank, notes, 7 Ann. Cas. 819; 10 Ann. Cas. 899; Ann. Cas. 1913A, 1001.

but notwithstanding said knowledge and in spite thereof the said defendant negligently, willfully and maliciously refused to honor said check . . . , '' and the only question in the case, as is stated in the brief of the appellants, is whether the quoted allegation takes the case out of the rule laid down in *Hartford* v. *All Day and All Night Bank,* 170 Cal. 538 [L. R. A. 1916A, 1220, 150 Pac. 356].

That also was an action for damages for arrest and imprisonment upon the alleged wrongful refusal of a bank to pay a check drawn upon it, and it was held that the plaintiff could not recover, for the reason that the refusal to honor the check was not the proximate cause of the arrest. Upon this point the language of the court is as follows: ''The second legal principle which necessarily works a reversal of this judgment is that the damages claimed are in no legal sense the proximate result of the act of negligence complained of. It did not necessarily follow that the plaintiff would be arrested and charged with a felony because of the bank's act. There was no direct causal connection between the two things. There was an interruption and the intervention of an entirely separate cause, which cause was an independent human agency acting with an independent mind.''

The same may be said of the case at bar; and the only difference in the two cases is that in the one under consideration a threat of arrest was communicated to the bank, thus bringing pointedly to its attention a probable consequence of its refusal to pay the check. That such a consequence might follow the refusal, however, was known to the bank official in the case of *Hartford* v. *All Day and All Night Bank, supra,* since the issuance of a check upon a bank without funds or credit to meet it is a public offense which notoriously frequently results in the arrest and imprisonment of the drawer of the check. The case cited emphasizes the factor present therein of the ''independent human agency acting with an independent mind,'' which it holds to be an intervening and separate cause, and to which the plaintiff's damage must be attributed rather than to the refusal of the bank to pay the check. We think the difference between the two cases is not of such a nature as to call for the application of a different rule of decision.

Several cases cited by the appellants strongly support their argument that the refusal to pay the check ought to be considered as the proximate cause of the arrest, but the argument was equally applicable to the Hartford case, and was not there found to be of sufficient force to compel the adoption of the rule advocated by the appellants.

The judgment is affirmed.

Tyler, P. J., and Knight, J., *pro tem.*, concurred.