CHRISTOPHER SINCLAIR, Respondent, *v.* THE POSITYPE CORPORATION OF AMERICA, Appellant.

First Department, February 3, 1933.

*R. Randolph Hicks* of counsel [*Lloyd F. Thanhouser* with him on the brief; *Satterlee & Canfield*, attorneys], for the appellant.

*John Henry Lambert*, for the respondent.

O'MALLEY, J. The complaint contains three causes of action, each predicated upon a wrongful discharge of the plaintiff by the corporate defendant. The first seeks damages for loss of earnings; the second for past injury to plaintiff's " good name, character and reputation;" and the third for estimated future damages to his " livelihood, good name, character, reputation and efforts to earn a livelihood."

The pleading is attacked upon the ground that no one of the causes of action attempted to be alleged is sufficient. It is urged that the pleading at its best shows but a hiring at will; further, that even assuming the complaint shows a violation of an enforcible contract which would support the first cause of action, the second and third are insufficient for the reason that the alleged damages upon which they are predicated are not recoverable in an action for unlawful discharge. We are of opinion that the motion to dismiss should have been granted.

The complaint alleges the defendant to be a corporation engaged in the manufacture of photographic paper and chemicals under a secret process; that plaintiff, on April 17, 1924, was employed as its secretary and treasurer and as a director, and given custody of such process; that, pursuant to his contract, plaintiff worked for the defendant to its satisfaction by reason of which his salary was increased from time to time so that in January, 1928, he was receiving $600 each month; that he devoted his exclusive time to the defendant from April 17, 1924, until January 12, 1928.

It is further alleged that on October 6, 1925, the defendant, at a meeting of its directors and pursuant to the action of defendant's voting trustees, intrusted the plaintiff with the knowledge of the secret process, upon his giving assurances to the board that he would hold inviolate his knowledge or the information so confided. It is then alleged that " copies of said undertaking and agreement are hereto annexed and marked Exhibits A, B and C, respectively, and made a part hereof."

It is further alleged that, pursuant to said resolution, the plaintiff was instructed in the secret process and in its skillful handling; that he entered upon and properly performed his duties as custodian thereof and that he at all times duly and properly performed his duties as secretary, treasurer and director of the defendant; that on January 12, 1928, the defendant, through its president, attempted to discharge plaintiff in violation of his contract and said resolution of the board of directors. A copy of a letter from the defendant to the plaintiff under date of January 12, 1928, requesting his resignation as secretary, treasurer and director of the defendant is attached and made a part of the complaint. It is alleged that

such attempted discharge was without justification and in bad faith and in violation of defendant's agreement of October 1, 1925; that plaintiff was at all times ready, able and willing to perform any services which he might be called upon to do pursuant to his contract of employment and the agreement of October 1, 1925, and to serve the interests of the defendant as custodian of said process. By reason of the alleged unlawful discharge, damages to and including the 10th day of June, 1932, are sought to be recovered.

The second and third causes of action reiterate and reallege the foregoing allegations of the first cause of action and seek damages upon the theory already indicated.

Exhibit A is a letter dated October 1, 1925, addressed by John Markle, through A. S. Woods, secretary, to H. G. Bulkley. This concerns itself with the reorganization of the defendant corporation and on its face has little, if any, bearing on the issue here presented. It was accepted and approved by H. G. Bulkley and R. J. Bulkley. Exhibit B is a letter dated October 1, 1925, addressed by H. G. Bulkley to John Markle, and approved by the latter. This was an acceptance of the terms submitted in Exhibit A. The plaintiff was not a party to either of these writings, although he is referred to by name in Exhibit B. In paragraph 3 of this writing H. G. Bulkley stated that he expects " to place in training the man selected by the Voting Trustees for the purpose of learning the Corporation's secret process."

Paragraphs 4 and 5 are as follows:

" 4. The closing of the New York and Washington offices and in the matter of taking the Corporation's inventory, I will order these done immediately, and expect to put these matters in the hands of Mr. Sinclair [plaintiff], the intent of this being that while I will be glad to aid Mr. Sinclair, by advice in these matters, my activities in connection with the Corporation will be confined to production.

" 5. While it is understood that so long as I retain my present position with the Corporation, I am to have complete authority as to personnel of the Corporation's employees. It is of course understood that Mr. Sinclair will be a part of this force, and that I will give reasonable consideration to any suggestions he cares to make * * *. It is also further understood that the intent of Mr. Sinclair's employment is the eventual taking charge of the Company's affairs, that until this actually becomes the fact he will give me his unqualified support in all matters pertaining to production and that he will not discuss or otherwise advise any of our employees the past troubles of the Corporation or its present or future plans, except as such discussion is entirely in line with the

explanations given said employees by me, and that the strict adherence to this policy is an essential factor of our agreement."

Exhibit C is a letter addressed by the plaintiff to the board of directors of the defendant under date of October 7, 1925, and is, as follows: " I will not reveal to anyone the secrets, processes or methods, which I am about to be instructed in, relating to the manufacture of paper of the Positype Corporation."

Plaintiff's counsel predicates the contract of employment upon the resolution of the board of directors referred to in the complaint together with the paragraphs quoted from Exhibit B and his letter of October 7, 1925, Exhibit C.

Admitting that the complaint does not allege a contract of employment for any specific time, he urges that it is to be inferred from its allegations and the pertinent provisions of these exhibits that the plaintiff was to be given charge of defendant's secret process and employed for a definite period, namely, so long as his services proved satisfactory.

We are referred in the brief of plaintiff's counsel to litigation between defendant and other parties (*Allcy* v. *Positype Corporation of America, Nos. 1, 2,* 224 App. Div. 603, 605, 608; affd., 251 N. Y. 577; *Bulkley* v. *Positype Corporation of America, Nos. 3, 4,* 224 App. Div. 603, 608, 611; 233 id. 716; 259 N. Y. 519), in one of which, it is asserted, the trial court found as a matter of fact that the plaintiff had been employed by the defendant corporation and had been unlawfully discharged. Excerpts from findings claimed to have been made are printed in the plaintiff, respondent's brief and are referred to in support of the plaintiff's claim of an enforcible contract of employment.

However, it is to be observed that there is no allegation that plaintiff was a party to such litigation; that it was for his benefit or that any finding made therein is binding as between him and the defendant. Moreover, on a motion of this character where the sufficiency of a pleading is involved, we may not have recourse to matters wholly outside of the pleading, not incorporated or made a part thereof.

If the plaintiff claims an employment by the defendant for a term, the duration of which was to extend so long as his services were satisfactory, he should frame his pleading to conform to such theory. It is not even alleged that the plaintiff was the sole person intrusted with knowledge of defendant's secret process, a fact from which it might possibly be inferred that his services would be indispensable, and because of their peculiar character, intended by the parties to be continued for the period of time claimed. As presented to us, we are of opinion that the complaint on its face shows nothing more than a hiring at will.

The second and third causes of action are not maintainable. It is well settled in this State that the measure of damages in an action for wrongful discharge is the salary fixed by the contract for the unexpired period of the employment, the amount thereof being subject to reduction upon proof that the plaintiff had, or could have, secured other remunerative employment during the term. (*Howard* v. *Daly*, 61 N. Y. 362, 371, 374; *Milage* v. *Woodward*, 186 id. 252, 257; *Ware Bros. Co.* v. *Cortland C. & C. Co.*, 192 id. 439, 442; *McClelland* v. *Climax Hosiery Mills*, 252 id. 347, 354, 358; 1 Clark N. Y. Law of Damages, § 305.) While no express holding on the subject in this State is called to our attention, there are numerous decisions in other jurisdictions which hold that damages of the character here sought are not recoverable in an action for unlawful discharge. (39 C. J. 111, 112, § 140; *Mastoras* v. *Chicago, M. & St. P. R. Co.*, 217 Fed. 153; *Westwater* v. *Rector, etc., of Grace Church*, 140 Cal. 339; *Hazen* v. *Cobb-Vaughan Motor Co.*, 96 Fla. 151; *Berlin* v. *Cusachs, Ltd.*, 114 La. 744; *Elmore* v. *Atlantic C. L. R. R. Co.*, 191 N. C. 182; *Durst* v. *School District*, 39 Wyo. 442; *Addis* v. *Gramaphone Company, Limited*, [1909] App. Cas. 488.)

It follows that the order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to serve an amended complaint within ten days after service of a copy of the order to be entered hereon, upon payment of said costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to respondent to serve an amended complaint within ten days after service of a copy of order with notice of entry thereof, upon payment of said costs.