Samuel H. Hofstadter, J.
By motion to dismiss pursuant to rule 106 of the Rules of Civil Practice the defendant challenges the sufficiency of the complaint in this action. The gist of the complaint is: The plaintiff, who maintained a regular checking account with the defendant, on February 17, 1955 in the regular course of business drew a check dated the same day on his account to the order of Hatfield Farms for $156, and delivered the same to Hatfield Farms. On February 23, 1955, before the check was presented for payment, he ordered the defendant to stop payment on it, by written direction on the defendant’s printed form. The plaintiff on February 23, 1955 maintained a balance of $411.98 in the account. The check was presented for payment on February 28, 1955 but not paid; in rejecting the check the defendant placed on it a notation reading “ short according to our books ”. On March 1, 1955, after the plaintiff had received notice from the defendant of this rejection of the check, he notified the defendant of its error in placing the incorrect notation on the check and demanded that the defendant correct the error. The defendant failed to do so or to notify the payee that payment on the check had been ‘ ‘ timely and correctly stopped.”
On May 3, 1955 the payee instituted a criminal proceeding against the plaintiff for violation of section 1292-a of the Penal Law; after the plaintiff had been apprehended on this charge and held to bail the information against him was dismissed in June, 1956. The plaintiff is innocent of the criminal charge against him.
The defendant was grossly negligent in the maintenance of its records dealing with the plaintiff’s account and the plaintiff did *349 not contribute to the defendant’s negligence. His arrest was the result of the defendant’s negligence; he also suffered injury to his personal and business reputation as well as personal injury, anxiety and humiliation. He has suffered special damage to his business reputation and credit and has had legal expenses in connection with the criminal charges. He concludes with a demand of $15,000 as general damages and an additional $15,000 as special damages.
Annexed to the complaint and incorporated therein by reference is a transcript of the plaintiff’s account for the month of February, 1955. While the transcript bears out the allegation that on February 23, 1955, the date of the issuance of the stop payment order, the plaintiff’s balance in the account was $411.98, it reveals also that on February 28, 1955, the date on which the check was presented for payment, the balance was insufficient to meet the check. Indeed, the only day between February 17 and February 28,1955, both inclusive, on which the balance was large enough to cover the check was February 23,1955.
The question to be determined is whether the defendant incurred liability for rejecting the check with the notation “ short according to our books ” after its receipt of the stop payment order. The controversy here differs from that usually passed on in actions between a bank and its depositor. In an action for violation of a stop payment order the depositor’s grievance is normally that his check has been paid or certified in disregard of the order; not so here, for the check was not paid and could not be paid, for the plaintiff’s balance was too small to permit payment. Nor in such circumstances has the plaintiff valid ground for complaint of the dishonor as such. But for the stop payment order the defendant would obviously have been within its rights in refusing payment and making a notation on the check of “ short ” or its equivalent. Is the result in law different by reason of the stop payment order?
The dishonor by a bank of its depositor’s cheek, when his balance is sufficient to meet it, is a violation of the bank’s duty, for which it must respond in nominal or substantial damages, depending upon the circumstances under which the dishonor occurs. (Wildenberger v. Ridgewood Nat. Bank, 230 N. Y. 425; Wahrman v. Bronx County Trust Co., 246 App. Div. 220.) It has been held, too, that the dishonor for insufficient funds of a check drawn by an attorney on an account in which his balance covered the check is a libel. (Nealis v. Industrial Bank of Commerce, 200 Misc. 406.) A bank is liable for the payment of its depositor’s check in violation of a stop payment order (American Defense Soc. v. Sherman Nat. Bank, 176 App. Div. 250, affd. *350 225 N. Y. 506), though it may by agreement limit this liability. (Gaita v. Windsor Bank, 251 N. Y. 152.)
This case appears to be one of novel impression and no authority passing on a like situation has been brought to the court’s attention. The question is then to be resolved by application of the principles governing the relation of a bank to its depositor. When the defendant accepted the stop-payment order it bound itself to comply with it, except insofar as the defendant had by agreement limited or relieved itself of the discharge of this duty. The rejection of the check for insufficient funds was not compliance with the order to stop payment. A depositor may stop payment of a check for a variety of reasons, among them the nonreceipt of anticipated funds to cover the check. He may have stopped payment for the very purpose of preventing dishonor for insufficient funds or, in reliance on the bank’s obedience to the stop payment order, have issued other checks, but for whose payment his balance would have been sufficient to pay the stopped check. In the business world the dishonor of a check for insufficient funds differs vastly from its dishonor pursuant to a stop payment order. The defendant, properly chargeable with notice of this difference, failed in its duty to the plaintiff when, in refusing to pay the check, it noted shortage of the account instead of the stop-payment order as the reason for its action.
The defendant, however, urges that the plaintiff by agreement embodied in the stop-payment order exculpated it from liability. The order made part of the complaint provides: “ In receiving this Stop Payment Notice, it is agreed that this Bank shall not be held liable in the event of payment or certification through negligence, inadvertence or otherwise. If, however, the above item, when presented, could be returned because drawn against insufficient or uncollected funds or because postdated, it may be deemed by the Bank returned for such cause although marked ' Payment Stopped.’ ” This order affords the defendant no protection against the plaintiff’s present claim, for none of the events mentioned in it. has occurred. The check was not paid or certified; therefore, the first sentence is inapplicable. The second sentence is somewhat equivocal and it is far from clear just what was intended by the phrase ‘ ‘ deemed by the Bank. ’ ’ It certainly does not empower the bank in the circumstances stated to mark the check returned for insufficient funds, for it speaks of a check already marked “ Payment Stopped.” The plaintiff’s check was not so marked; that is the very thing of #hich he complains. The order says nothing at all about the return of a check on which payment has been stopped with a *351 notation that it has been returned for insufficient funds. Since, moreover, the order form was prepared by the defendant, it may not be extended by implication to relieve the defendant of liability in an omitted contingency.
The defendant contends also that the plaintiff’s arrest on the criminal charge made by the payee was not the proximate result of its conduct, but was due to the intervention of an independent human agency. The defendant cites abundant authority for this contention. (Hartford v. All Night and Day Bank, 170 Cal. 538; Bearden v. Bank of Italy, 57 Cal. App. 377; Noland v. Union State Bank, 139 Kan. 261; Waggoner v. Bank of Bernie, 220 Mo. App. 165; Bank of Commerce v. Goos, 39 Neb. 437; Parrott v. Bell Nat. Bank, 165 Ky. 802; Western Nat. Bank v. White, 62 Tex. Civ. App. 374.) While the question does not appear to have been decided in this State, the court is impressed with the force of the reasons given in these cases for the rule they announce. The adoption of the rule and its application to this case would, however, merely eliminate as an item of damage the criminal charge and the consequences of the steps taken by the payee in pressing it. Nor does the complaint contain any basis for the claim of so-called special damage.
Nevertheless, the defendant’s conduct in placing the notation on the check after the receipt of the stop payment order did constitute a violation of its duty to its depositor. Since the duty was violated, even without negligence, it need not be determined whether the defendant’s argument that the allegations of negligence in the complaint are conclusory is well taken. What damage the plaintiff can establish must depend on the proof; that is an issue to be tried. The violation of the duty imposes liability at least for nominal damages. That is enough to enable the complaint to withstand a motion to dismiss for failure to state a cause of action.
The motion to dismiss is denied, with leave to answer within 10 days after service of a copy of this order with notice of entry.