■ BRUNO AMADUCCI, Respondent, v. METROPOLITAN OPERA ASSOCIATION, INC., Appellant, et al., Defendant.— Order entered March 28, 1969, denying defendant's motion for a dismissal of the amended complaint for insufficiency pursuant to CPLR 3211 (subd. [a], par. 7) is unanimously modified on the law to the extent of granting the motion by striking from the amended complaint that part of the allegations thereof contained in paragraphs Tenth, Eleventh, Twelfth and Thirteenth, and, as so modified, the order is affirmed, without costs or disbursements; and plaintiff is directed to serve a further amended complaint eliminating the stricken allegations and conforming the demand for damages accordingly. Plaintiff seeks damages for breach of an employment contract by which defendant engaged him as a conductor of the orchestra of the Metropolitan Opera for a period of 12 weeks from September 19, 1968 to December 11, 1968, inclusive, at a salary of $700 per week plus an additional $1,000 for travel and rehearsal expenses. Sometime in December, 1967, defendant notified plaintiff that he would not be employed during the 1968–69 season. Based upon this breach of the employment agreement — which calls for a total payment of less than $10,000 — the amended complaint seeks damages of one million dollars. Paragraphs Tenth, Eleventh, Twelfth and Thirteenth of the amended complaint contain allegations which, in effect, allege that defendant's breach of the agreement to employ plaintiff as an orchestra conductor caused plaintiff "mental anguish, humiliation, grief and distress" and caused, and will in the future result in, "great and irreparable harm and damage to his name, career and

reputation as an orchestra conductor ". Essentially, Special Term denied the motion to dismiss upon the ground that since the amended complaint did state a cause of action for breach of a contract of employment, the sufficiency of the pleading is not affected by the inclusion of other claims which may not be actionable. This formalistic approach cannot be approved in the light of the purposes and objectives of the provisions of the CPLR (CPLR 104). It is well settled that the optimum measure of damages for wrongful discharge under a contract of employment is the salary fixed by the contract for the unexpired period of employment, and that damages to the good name, character and reputation of the plaintiff are not recoverable in an action for wrongful discharge. (*Sinclair* v. *Positype Corp. of Amer.*, 237 App. Div. 525.) Moreover, in *Goldman* v. *City Specialty Stores* (285 App. Div. 880) this court struck from a complaint allegations of damages other than those properly recoverable in a breach of contract action for wrongful discharge as being prejudicial and unnecessary. (See, also, *Howard* v. *Daly*, 61 N. Y. 362; *Horn* v. *Atlas Corrugated Case Co.*, 257 App. Div. 194.) While in the instant case, defendant, unlike in Goldman, *supra,* did not make a motion (pursuant to CPLR 3024, subd. [b]) to strike the claimed prejudicial matter, failure to do so does not foreclose elimination of those allegations. Affidavits were properly submitted upon the motion to dismiss. (CPLR 3211, subd. [a], par. 7.) Therefore, the court can, pursuant to CPLR 3211, subd. [c], treat the motion as one for summary judgment and, under CPLR 3212, subd. [e], summary judgment may be granted as to one or more causes of action, or *part thereof*, in favor of any one or more parties. Consequently, defendant's motion will be considered as one for partial summary judgment dismissing that part of plaintiff's claim represented by plaintiff's allegations in paragraphs Tenth, Eleventh, Twelfth and Thirteenth of the amended complaint, and defendant's motion will be granted to the extent of dismissing those claims. A further amended complaint, in accordance herewith, is to be served within 20 days after service of a copy of the order to be entered hereon with notice of entry. Concur — Stevens, P. J., Eager, Markewich, Nunez and Macken, JJ.