■ MICHAEL MIHILL et al., Respondents-Appellants, v GER-AM, INC., Appellant-Respondent. [651 NYS2d 746] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Viscardi, J.), entered December 19, 1995 in Essex County, which denied defendant's motion for summary judgment dismissing the complaint and partially denied plaintiffs' cross motion for partial summary judgment seeking dismissal of certain affirmative defenses.

Plaintiff Michael Mihill (hereinafter plaintiff) and his parents, derivatively, seek to recover for serious injuries sustained by plaintiff when he jumped or fell into Mirror Lake in Essex County from a swing located on defendant's property. The swings were on the shore of the lake, approximately three to six feet from the water's edge, and were intended for use by patrons of defendant's hotel. According to defendant's president, the swings were posted with a sign stating, "DO NOT JUMP FROM SWINGS." Despite the claims of defendant's president and night manager that they did not tolerate such activities, there is evidence in the record that neighborhood children used the swings to jump into the lake on a fairly regular basis. Although the water was shallow close to the shore, there was evidently a sharp dropoff 10 to 15 feet out, such that if one swung high enough before jumping, he or she would arc past the shallow area and land safely in the deeper water.

On the evening of the accident, plaintiff, then age 17, and his friend, Chad Flyte, were trespassing on the hotel premises for the purpose of swimming in the lake. Flyte had successfully jumped from a swing into the lake, and plaintiff, who had never swum in that area before and was unaware of the depth of the water or the contour of the lake bed, had begun to swing with the same end in mind. Whether he actually jumped or—as he avers—"chickened out", and was slowing the swing to dismount when his foot caught on the ground, causing him to "flop off" the swing and into the water, is the subject of conflicting deposition testimony. Unfortunately, he apparently entered the water head first, and suffered severe injuries rendering him a quadriplegic.

Defendant moved for summary judgment dismissing the complaint, arguing, *inter alia*, that even if it was negligent, as plaintiff asserts, his reckless conduct in jumping into the lake from the swings, without first determining the water depth and lake bed contours, was the only legal cause of his injuries. Plaintiffs opposed the motion and cross-moved for dismissal of several of defendant's affirmative defenses. Supreme Court denied defendant's motion and granted plaintiffs' cross motion only to the extent of dismissing the third affirmative defense (which is not at issue here). These cross appeals followed.

Given the disparate accounts of the manner in which the accident happened, it cannot be said, as a matter of law, that plaintiff's actions were so reckless or divorced from defendant's alleged negligence—in positioning and allowing the swings to remain where it did without warning signs (as several nonparty witnesses testified), despite being aware that children had previously used the swings in a manner defendant recognized as dangerous—as to preclude recovery (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). If, as plaintiff maintains, he did not jump from the swing (regardless of whether he had originally intended to do so), but was "propelled" or "flopped" into the water as a result of his foot catching on the ground, a jury could reasonably find that plaintiff did not act with such "disregard of his own common sense" (*Johnson v Harrington*, 215 AD2d 857, 858, *lv denied* 87 NY2d 802), nor in a manner so "extraordinary and unforeseeable" under the circumstances, that his actions must be considered the only cause, or a legally superseding cause, of his injuries (*Kriz v Schum*, 75 NY2d 25, 36; *compare, Boltax v Joy Day Camp*, 67 NY2d 617, 619-620; *Lionarons v General Elec. Co.*, 215 AD2d 851, 852-853, *affd* 86 NY2d 832). Hence, defendant's motion was properly denied.

Inasmuch as defendant has come forth with no factual support for its allegation that plaintiff was "on the swing in a recumbent position", that portion of plaintiffs' motion seeking dismissal of the first and second affirmative defenses, to the extent they are premised upon that assertion, should have been granted (*see, Amaducci v Metropolitan Opera Assn.*, 33 AD2d 542, 543; *cf., Siewert v Loudonville Elementary School*, 210 AD2d 568, 569).

Cardona, P. J., Mikoll and White, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, to the extent that plaintiffs' cross motion for partial summary judgment is granted insofar as it sought dismissal of so much of the first and second affirmative defenses as relied upon the allegation that plaintiff Michael Mihill was on the swing in a recumbent position, and, as so modified, affirmed.