O'GRADY, Appellant, v. STOTTS CITY BANK,
Respondent.

St. Louis Court of Appeals, April 26, 1904.

1. **BANKS: Depositor's Guaranty: Set-off.** In the absence of an agreement permitting it, a bank could not apply the funds of a depositor to the payment of a third person's check, of which such depositor was guarantor.

2. ———: **Dishonoring Checks: Damages.** On the refusal of a bank to pay the check of a depositor who had on deposit sufficient money to meet it, a right of action for damages at once accrued to him.

3. ———: ———: **Measure of Damages.** In such case his damage was not limited to a nominal sum, but he was entitled to recover general compensatory damages.

Appeal from Lawrence Circuit Court.—*Hon. H. C. Pepper*, Judge.

REVERSED AND REMANDED.

*Henry Brumback* and *Wm. B. Skinner* for appellant.

(1) The court erred in admitting in evidence the check of M. & B. Mining to Ed Hill for $372.94, and the guaranty thereof of plaintiff and Fuller indorsed thereon. (2) The relation between the defendant bank and plaintiff was that of debtor and creditor, with the added condition that plaintiff had the right to draw out sums at his liking. State v. Reid, 125 Mo. 51; Quattrochi Bros. v. Bank, 89 Mo. App. 508; McKeen v. Bank, 74 Mo. App. 287; Coleman v. Lipscomb, 18 Mo. App. 448. (3) The transaction between the bank and Hill was simply by bookkeeping entries, an attempt to offset against the debt it owed plaintiff the claim Hill held on

the M. & B. Mining Co., whose check plaintiff had become surety for by guaranteeing it; and not a purchase or discount of negotiable paper by the bank and a legitimate charge thereof to the account of plaintiff. This method of business is outside of the scope and power of the bank, and affords no excuse for dishonoring plaintiff's check. Bank v. Patton, 109 Ill. 479; Wood v. Loan & Trust Co., 41 Ill. 267; Grissom v. Bank, 87 Tenn. 350; Bank v. Townsend, Hill & D. Supp. (N. Y.) 204. (4) Unless this bookkeeping jugglery legitimately exhausted plaintiff's credit with defendant, plaintiff is entitled to substantial damages to his credit, etc., from the dishonor of his check. Schaffner v. Ehrman, 28 N. E. (Ill.) 917; Patterson v. Bank, 130 Pa. St. 419; Davis v. Bank, 63 N. Y. S. 764; 1 Sutherland on Damages, 129.

*D. B. Jones* and *Edward J. White* for respondent.

(1) The testimony is undisputed that the check guaranteed by the plaintiff was placed to the credit of Hill, the payee, subject to his check. "Paper delivered to a bank, under such circumstances as to entitle the depositor to draw against it, becomes the property of the bank. And it is immaterial that the bank has the right to charge it back against the depositor, if it is not paid." Flannery v. Coates, 80 Mo. 444; Ayers v. Bank, 79 Mo. 421; Bullene v. Coates, 79 Mo. 426. (2) The evidence is likewise undisputed that the maker of the $372.94 check had no funds on deposit to meet the check and, this being so, on the acquisition of said check by the defendant, the liability of the plaintiff thereon, as guarantor, became absolute. Bank v. Schneidemeyer, 62 Mo. App. 179; Muench v. Bank, 11 Mo. App. 150; Ehlerman v. Bank, 14 Mo. App. 591. (3) But even if the obligation of the plaintiff upon the $372.94 check was not in the form of an absolute obligation to pay, as it is, but was in the more limited form of a regular guaranty, the rule is well settled that the banker's right

of set-off, as to such guaranty, would exist. Zane on Banks and Banking, sec. 140, p. 231; Morse on Banks and Banking, p. 34.

BLAND, P. J.—The suit is to recover damages for the refusal of the defendant bank to pay plaintiff's check, dated May 26, 1902, drawn on it in favor of C. E. Fuller for the sum of ten dollars. It is admitted that the defendant refused to honor or pay the check. Its excuse for refusing to pay the check is that the plaintiff had no funds in the bank with which to pay it when it was presented May 31, 1902. The evidence shows that on the day the check was dated, plaintiff had on deposit to his credit with the defendant bank $248.94. That on the thirteenth day of May, 1902, the M. B. Mining Company drew its check for $372.94 on the defendant bank in favor of Ed Hill; that on May 19, 1902, the following indorsement was written on the back of this check: "May 19, 1902. For value received we hereby guarantee payment of the within check, May 26, 1902. J. M. O'Grady, C. E. Fuller." That on May 27th Hill presented this guaranteed check to the cashier of the defendant bank for payment and the cashier took the check and charged plaintiff's account with the amount of the check and credited Hill's account with the bank for a like amount. After plaintiff was apprised of this transaction and after the ten dollar check had been dishonored, he, on June 3, 1902, deposited $372.94 with the bank and directed that the deposit be applied to the payment of the check which he had guaranteed. His request was complied with and the check marked paid and turned over to him.

The evidence of plaintiff is that the M. B. Mining Company had no deposit account with the bank, and was insolvent.

Under instructions given by the court, the verdict was for the defendant. Plaintiff appealed.

The legal question at issue is whether or not the

bank had the right to apply the deposit fund of plaintiff toward the payment of the guaranteed check and set off the check against his deposit account without his request or permission to do so. The relation of a bank and its depositor is that of debtor and creditor and it is the duty of the bank to pay the checks of its depositor on presentation when he has funds sufficient to his credit. A bank may apply the funds of its depositor in payment of his matured note due to the bank and set off the debt against his deposit account. Mt. Sterling Nat. Bank v. Greene, 32 L. R. A. 568. But it has no right to apply money of its depositors to the payment of a note on which he is security or guarantor.

In Harrison v. Harrison, 4 L. R. A. l. c. 112, the court said: "The general rule in keeping the account of a depositor is that as money is paid in and drawn out a balance may be considered as struck at the date of each payment or entry, on either side of the account; and it is the right of the bank, in case the depositor becomes indebted to it by note or otherwise, and the deposit is not specially applicable to a particular purpose, or there is no express agreement to the contrary, to apply a sufficient amount thereof to the payment of any debt due and payable from the depositor to the bank. Bank v. Hill, 76 Ind. 223; Bank v. Peck, 127 Mass. 298; Bank v. Henninger, 105 Pa. 496.

This results from the right of set-off, which obtains between persons occupying the relation of debtor and creditor, and between whom there exists mutual demands. It is familiar law, however, that mutuality is essential to the validity of a set-off, and that, in order that one demand may be set off against another, both must mutually exist between the same parties. Accordingly, it is settled that a bank can claim no lien upon the deposit of one partner, made on his separate account, in order to apply it on a debt due from the firm; nor can the joint and several note of three persons be

paid out of the individual deposit of one, unless he be the principal, and the others sureties, or unless it becomes necessary in order to do complete equity or avoid irremediable injustice. Watts v. Christie, 11 Beav. 546; Dawson v. Bank, 5 Ark. 283; Sefton v. Hargett, 113 Ind. 592, 13 West Rep. 42; Morse, Banks, sec. 326.

It follows that, in the absence of a contract giving it the right to do so, the bank could not have applied money due the petitioner, as a depositor, to the payment of the note upon which he was surety, any more that it could have successfully pleaded the note as a set-off in case the petitioner had brought suit to recover the balance due him on deposit.

The check was not O'Grady's check, it did not represent his debt, nor was the debt for which it was given due to the bank, but to Hill. There was neither direction nor consent of O'Grady to the bank to apply money to his credit in the bank to the payment of the check, hence its application to that purpose was without authority and as the evidence shows plaintiff had money deposited in the bank sufficient to pay the ten dollar check on the day it was presented, it was the duty of the bank to have paid it. On its refusal to do so a right of action on the case for damages at once accrued to plaintiff. Viets v. Bank, 101 N. Y. 563; Whitaker v. Bank of England, 6 Carr. & P. 700; Bank v. Bank, 44 Hun 386. In such cases the damages, according to the authorities, are not limited to a mere nominal sum, but the plaintiff is entitled to recover general compensatory damages. Rolin v. Stewart, 14 C. B. 595; Schaffner v. Ehrman, 139 Ill. 109; Patterson v. Bank, 130 Pa. 419; Bank v. Goos, 23 L. R. A. (Neb.) 190; 1 Sutherland on Damages (2 Ed.), sec. 77.

The judgment was for the wrong party and is reversed and the cause remanded for new trial. *Reyburn* and *Goode, JJ.,* concur.