JOEL WAGGONER, APPELLANT, v. BANK OF BERNIE, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed March 2, 1926.

**1.—Banks and Banking—Dishonoring Check—Action Against Bank—Petition Need Not Allege Deposit Made by Depositors.** In action against bank for damages for wrongfully dishonoring check on joint account of plaintiff and his wife, petition need not allege that deposit was made either by plaintiff or his wife; to so require would be placing an entirely too strict and unreasonable construction on the statute (section 11779, Revised Statutes 1919).

**2.—Same—Same—Same—Allegation of Malicious Action of one Causing Arrest Held Unnecessary.** In action against bank for wrongfully dishonoring check, resulting in plaintiff's arrest and imprisonment by payee of check, allegation that action of payee was malicious and without probable cause held unnecessary.

**3.—Pleading—Demurrer.** A demurrer admits the truth of all facts well pleaded.

**4.—Banks and Banking—Duty of Bank to Pay Checks—Checking Accounts.** It is the duty of a bank to pay on demand all checks drawn by depositors on their checking accounts to the amount of their respective deposits.

**5.—Same—Same—Same—Liability of Bank for Failure to Pay.** A bank is liable in damages for failure to pay a depositor's check when it should be paid, to the extent of the actual damages alleged and proven.

**6.—Same—Dishonoring Check—Held Not Proximate Cause of Arrest and Imprisonment by Payee.** In action against bank for wrongfully dishonoring plaintiff's check, with result that plaintiff was arrested and imprisoned at instance of bank which paid check, upon receipt of check from defendant bank marked "no account," for supposed violation of the "bad check law," sections 3552-3554, Revised Statutes 1919, **held,** that such arrest and imprisonment were not proximately caused by the action of defendant bank in dishonoring the check, but by the independent intervening act of payee bank in causing the arrest.

**7.—Negligence—Proximate Cause.** A defendant may be held responsible even if casualty was not the result of his sole negligence, but by his negligence concurring with that of another or any other intervening cause.

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, p. 628, n. 92; p. 630, n. 96; p. 663, n. 54; p. 666, n. 94; p. 667, n. 99; p. 671, n. 48; p. 679, n. 36. Negligence, 29Cyc, p. 497, n. 74, 75, 76; p. 499, n. 95. Pleading, 31Cyc, p. 333, n. 76. Proximate Cause, 32Cyc, p. 745, n. 70.

Appeal from the Circuit Court of Stoddard County.—Hon. W. S. C. Walker, Judge.

AFFIRMED.

*R. Kip Briney,* of Bloomfield, for appellant.

(1) The plaintiff-appellant, Joel Waggoner, had the right to draw his check in the sum of $25 on the Bank of Bernie against

the $86 general deposit account in the name of Joel Waggoner and wife and in form subject to check by either Joel Waggoner or wife, jointly or severally. Sec. 11779, R. S. 1919; 7 Corpus Juris, pages 865, 908. (2) The duty of the Bank of Bernie was to pay on demand all checks drawn by depositors on their general deposit account to the amount of the deposit. 3 Ruling Case Law 521; 7 Corpus Juris 628 No. 305; S. S. Allen Grocery Co. v. Bank of Buchanan County, 192 Mo. App. 476, 182 S. W. 781. (3) The dishonor of the plaintiff-appellant's check by the Bank of Bernie was the proximate legal cause of the arrest, confinement in the county jail of Stoddard county, resultant injury and damage. 22 Ruling Case Law, page 111; Secs. 3552 and 3553, R. S. 1919; Harrison v. Kansas City Electric Light Co., 195 Mo. 606, 93 S. W. 951; Freeman v. Missouri & Kansas Telephone Co., 160 Mo. App. 271, 142 S. W. 733; Lawrence v. Heidbreder, 119 Mo. App. 316, 93 S. W. 897; Aetna Insurance Co v. Boon et al, (U. S. Sup. Ct.) 5 Otto 117-143; Book 24, Sup. Ct. Rept. 395; Brush v. Lindsey, 206 N. Y. Supp. 304. (4) The Bank of Bernie is liable in damages to the plaintiff-appellant for the dishonoring the plaintiff's check to the extent of the damage alleged and proven by plaintiff-appellant. Sec. 976, R. S. 1919.

*Wammack & Welborn,* of Bloomfield, for respondent.

The dishonor of plaintiff's check by defendant was not the proximate cause of the plaintiff's arrest on the charge of passing "a bad check" by the First National Bank of Dexter. Hartford v. Bank, 150 Pac. 356; Beardon v. Bank of Italy,, 207 Pac. 270; Hudson v. Railway, 101 Mo. 34; Powell v. Electrical Co., 195 Mo. App. 158; Glenn v. Street Railway Co., 167 Mo. App. 116; Cody v. Lusk, 187 Mo. App. 342; Strayer v. Railway, 170 Mo. App. 524; Driskell v. Insurance Co., 117 Mo. App. 370; Holwerson v. Railway, 157 Mo. 231; Burbaker v. Electric Light Co., 130 Mo. App. 448.

BAILEY, J.—This is an action for damages growing out of defendant's failure to honor a check drawn on it by plaintiff and payable to the First National Bank of Dexter. Plaintiff has appealed from an order sustaining defendant's demurrer to plaintiff's petition. The petition, in so far as material, reads as follows:

"Plaintiff for cause of action further states that the defendant, the Bank of Bernie, was and is authorized by the laws of the State of Missouri to do a general banking business and to receive and pay out money for depositors in said bank, which said deposits are at all times subject to check and are to be paid out again upon the demand of said depositor and by his check without let, hindrance or unnecessary delay.

Plaintiff further states that on the 30th day of July, 1924, there was on deposit in defendant bank a much larger sum than that of $25, to-wit: more than $80, in the name of this plaintiff and his wife, jointly, and which said sum could be legally paid out on the check of either this plaintiff or his wife, or both of them.

Plaintiff further states that on the said 30th day of July, 1924, he did draw his check, as he had good right to do, in the sum of $25 on the deposit aforesaid in said defendant bank, in the name of Joel Waggoner and wife, and they cashed the same at the First National Bank of Dexter, Missouri, and that thereafter and in due course of business, the said First National Bank of Dexter, presented the aforesaid check to defendant bank for payment, and plaintiff avers that owing to the wilful, negligent and malicious acts of defendant, by its officers, agents and servants, the said check was dishonored and payment was refused and marked 'no account' and returned to the said First National Bank of Dexter. Thereupon and because of the aforesaid dishonor of check the First National Bank of Dexter, by its proper officers, agents and servants procured a warrant out of the office of C. A. Crane, one of the Justices of the Peace of Liberty Township, Stoddard county, Missouri, alleging the passing of a 'bad check' by this plaintiff, and by the proper officers, plaintiff was arrested and incarcerated in the county jail of Stoddard county, Missouri, for said alleged crime, and restrained of his liberty for a great period of time, and against his will, and to his great humiliation, mortification, and injury to his feeling and reputation, and his reputation amongst his neighbors as to a good citizen, and caused him to lose much time of value by said restraint; all because of the wilful, malicious and negligent refusal to honor and pay the aforesaid check.

Wherefore etc.,''

In support of its demurrer respondent first argues the petition would seem to fail to state a cause of action because there is no allegation that the alleged deposit in the Bank of Bernie was made either by plaintiff or his wife as required by section 11,779, Revised Statutes 1919. It is pointed out that, in so far as alleged in the petition, the deposit may have been made by some third person and that therefore, the statute referred to would not apply. This point is highly technical and to our minds places an entirely too strict and unreasonable a construction on the statute. Likewise, respondent's point that the petition fails to allege the action of the First National Bank of Dexter was malicious and without probable cause is not well taken. This is not an action for false imprisonment. We doubt seriously the propriety of such an allegation. On the contrary it would seem that an allegation that the Dexter Bank maliciously had plaintiff arrested would clearly absolve defendant from liability under the doctrine of proximate cause hereinafter discussed.

The briefs and arguments of counsel for both appellant and respondent are devoted almost entirely to the question of what was the proximate cause of plaintiff's arrest and imprisonment. Appellant contends that the act of the defendant Bank of Bernie in dishonoring plaintiff's check was the proximate cause, while respondent argues that the act of the Dexter Bank in having plaintiff arrested was an independent, intervening cause and, therefore, the proximate cause of plaintiff's alleged damage.

We shall first dispose of some preliminary matters. Respondent's demurrer of course, admits the truth of all facts well pleaded. It is a well-settled general rule that it is the duty of a bank to pay on demand all checks drawn by depositors on their checking account to the amount of their respective deposits. So in this case, under the allegations of plaintiff's petition, the fact that he had on deposit sufficient funds to pay the check given the Dexter Bank, made 'it defendant's duty to honor that check. [O'Grady v. Stotts City Bank, 106 Mo. App. 366, 80 S. W. 696; Allen Grocery Co. v. Bank, 192 Mo. App. 476, 182 S. W. 1. c. 781; 3 R. C. L. 521, 7 C. J. 628.]

Under our statute defendant bank would be liable in damages for failure to pay plaintiff's check when it should have been paid, to the extent of the actual damages alleged and proven. [Sec. 976, R. S. 1919.]

The particular question involved in this case, in so far as we have been able to discover, has never been determined by any appellate court of this State and there is very scant authority from any other court directly on the proposition. The question of proximate cause of an injury is one always more or less beset with difficulty and of necessity each case must be decided on its own particular facts. There are a great number of decisions in this State defining the term "proximate cause." In Holwerson v. Railway, 157 Mo. 1. c. 231, it is said: "That negligence which sets in motion a train of events that in their natural sequence might, and ought to be expected to produce an injury, if undisturbed by any independent intervening cause, is the proximate cause of that injury." The same general rule is announced in other cases. [Glenn v. Railway, 167 Mo. App. 116, 150 S. W. 1092; Strayer v. Railroad, 170 Mo. App. 525, 156 S. W. 732; Powell v. Walker, 185 S. W. 532, 195 Mo. App. 150.]

The cases also hold that, "to constitute one act the proximate cause of another, it is not essential, according to the great weight of authority, that the supposed effect should have resulted of necessity from the act—in other words inevitable"—"Events of causative influence may intervene between the initial act and the final result, without the displacing of the initial act from the position of proximate cause, if the intermediate events themselves were natural se-

quences of the initial act." [Lawrence v. Heidbreder Co., 119 Mo. App. 316, 93 S. W. 897.]

Similar doctrine is announced in the following cases: [Sneed v. Hardware Co., 242 S. W. 699; Davis v. Hospital, 196 S. W. 104; Washburn v. Light Co., 202 Mo. App. 102, 214 S. W. 410; See, also, 223 S. W. 725.]

It is also a well-established rule of law that a defendant may be held responsible even if the casualty was not the result of his sole negligence, but by his negligence concurring with that of another or any other independent intervening cause. [Thompson v. City of Slater, 197 Mo. App. 249, 193 S. W. 971; Ganahl v. United Rep. Co., 197 Mo. App. 495, 197 S. W. 159; Brennan v. St. Louis, 92 Mo. 482, 2 S. W. 481; Thomson v. Louisville & N. R. R., 91 Ala. 496, 8 So. 406, 11 L. R. A. 146; Farnon v. Mines Co., 50 Utah, 295, 167 Pac. 675, 9 A. L. R. 248 (Annotated.)]

The only case we have found in which a proposition similar to the one directly at issue in this case was determined is that of Hartford v. All Night and Day Bank (Cal.), 150 Pac. 356, 1916 a L. R. A. (N. S.) 1220, cited by respondent. In that case, plaintiff had issued a check for a small sum on the defendant bank in which he had a savings account, but no checking account. He failed to forward or present his pass book with the check. The bank dishonored the check, endorsing upon a slip of paper attached to the check the words "no account." The indorser of the check had defendant arrested, charged with drawing and issuing a check with intent to defraud. Upon the charge being dismissed he sued defendant bank for injury to his good name, etc., by reason of the arrest. The California Supreme Court, after holding plaintiff's measure of damages was governed by the California Statute, uses this language:

"The second legal principle, whose application necessarily works a reversal of this judgment, is that the damages claimed are in no legal sense the proximate result of the act of negligence complained of. It did not necessarily follow that plaintiff would be arrested and charged with a felony because of the bank's act. There was no direct causal connection between the two things. There was an interruption and the intervention of an entirely separate cause, which cause was an independent mind. We think this proposition to be so plain as not to demand amplification, and that the needs of the case are fully met by reference to Friend & T. Lumber Co. v. Miller, and Savings Bank v. Asbury, supra; Schwartz v. California Gas & Electric Corp., 163 Cal. 398, 125 Pac. 1044; and Loftus v. Dehail, 133 Cal. 214, 65 Pac. 379; 32 Cyc. 745." [See, also, Beardon v. Bank of Italy, 207 Pac. 270.]

Appellant's brief indicates that the allegation in his petition that he was arrested charged with passing a "bad check" means that the

criminal charge against him was based on a supposed violation of sections 3552 and 3553, Revised Statutes 1919. In this connection, section 3554, Revised Statutes 1919, which section should be considered along with the other sections referred to, provides that as against the maker of a check, payment of which is refused by the drawee, the making or uttering thereof, shall be prima-facie evidence of intent to defraud, unless the maker shall have paid the amount due thereon, etc., within five days after receiving notice of non-payment.

In applying the rules of law heretofore quoted it seems proper to consider them in the light of our statutes above referred to. When defendant bank refused payment of plaintiff's check the natural consequence to be expected was that the person or bank which had parted with money or something of value on the faith of the check would immediately notify plaintiff of its dishonor and demand payment. Is it reasonable to suppose such person or bank would immediately procure the arrest of plaintiff under such state of facts without some attempt, at least, to permit plaintiff to make explanation or restitution? We answer no. Everyday of every week such mistakes occur but arrests are not made without investigation. The statute we have referred to contemplates a method of procedure which would prevent hasty, precipitate and uncalled for arrests under such circumstances. We believe the old Squib case (Scott v. Shepherd, 2 W. Bl. 892, 1 Smith Leading Cas. 797) in point here. The defendant who first threw the squib set in motion the force which caused the injury but had not the last man thrown it the plaintiff would not have been injured; he, however, acting instinctively for his own protection, was merely a link in the chain of events leading to the injury, and the defendant was justly held responsible. But had defendant who threw the squib in the first instance, thrown it in a place where it could have done no harm and some person without reason or cause had picked it up and thrown it so as to injure someone, then the person who last threw the squib constituted a new, independent, intervening cause which would have been the proximate cause of the injury. [22 R. C. L. 136.] So in the case at bar, we are unable to discover either by reason or human experience how the act of the Dexter Bank in causing plaintiff's arrest can be considered in any other light than an independent, intervening cause or force, not constituting a link in the chain of events which might and ought to have been expected to follow in the wake of defendant's act in refusing payment of plaintiff's check. We believe the principle announced in the able opinion of the California Supreme Court in Hartford v. Bank, supra), correct and we adhere thereto. The demurrer to plaintiff's petition was properly sustained. The appeal is accordingly dismissed.

*Cox, P. J.,* and *Bradley, J.,* concurs.