JOHN D. JOHNSON, RESPONDENT AND APPELLANT, v. FARMERS BANK OF CLARKSDALE IN LIQUIDATION, APPELLANT AND RESPONDENT.*

Kansas City Court of Appeals. December 17, 1928.

514

*Corpus Juris-Cyc. References: Banks and Banking, 7 CJ, section 548, p. 752, n. 81, 82.

*E. G. Robinson* and *E. J. Robinson* for Johnson.

*John Muster* and *John S. Boyer*, for Bank.

FRANK, C.—This is an action against the Farmer's Bank of Clarksdale, in the hands of the Commissioner of Finance and in process of liquidation. The petition is in four counts. The first three counts are for the recovery of $3200 as a preferred claim. Each of these counts states a different reason why the claim should be allowed and preferred, but only one recovery is sought. The fourth count seeks a recovery of $11.49 as a general claim.

Judgment went for plaintiff on the third and fourth counts of the petition, and for defendant on the first and second. The judgment allows the $3200 as a preferred claim and the $11.49 as a general claim. Both parties appealed. No complaint is lodged against the petition.

The facts relative to the third count of the petition show that the bank ceased to function as such on April 23, 1927. On this date and for some time prior thereto, plaintiff had on deposit in said bank the sum of $3211.49. On April 20, 1927, plaintiff executed a check on defendant bank, for $3200, payable to Stewartsville State Bank. This check was presented to defendant bank for payment on April 22, 1927, at which time said bank was open, functioning as a bank, paying checks, receiving deposits, etc. At the time this check was presented for payment, plaintiff had on deposit in said bank the sum of $3211.49 and the bank at this time had on hand sufficient funds with which to pay said check, but refused to pay it.

Other necessary facts will be stated in connection with the points discussed in the opinion.

Appellant's first contention is that plaintiff placed his money on general deposit thus creating the relation of debtor and creditor between plaintiff and the bank.

It is not disputed that plaintiff's money was on deposit in the bank. In the light of the record, it is not necessary to determine whether such deposit was general or special, or the relation created between the parties by the making of such deposit. If it be conceded that the deposit was general, thus creating the relation of debtor and creditor, such relation was changed when the $3200 check was drawn by plaintiff against such deposit and presented to defendant bank for payment. At that time plaintiff had on deposit, and the bank had on hand and on deposit in the First National Bank of St. Joseph, sufficient money with which to pay the check. It was defendant bank's duty to pay the check. [O'Grady v. Stotts City Bank, 106 Mo. App. 366; Allen Grocery Co. v. Bank of Buchanan County, 192 Mo. App. 476; Waggoner v. Bank of Bernie, 281 S. W. 130; Claxton v. Cantley, 297 S. W. 975, 976.] It being defendant's duty to pay the check, after its refusal so to do, it held the amount of the check as trustee. [Bank of Poplar Bluff v. Millspaugh, 281 S. W. 733; Claxton v. Cantley, 297 S. W. 975.] The evidence shows that plaintiff gave the $3200 check to the Stewartsville State Bank to buy Liberty Bonds for him. It would be unjust to permit plaintiff to suffer loss, or permit the other creditors of the bank to profit by the wrongful act of the bank in refusing to pay plaintiff's check when presented.

Appellant also contends that plaintiff is not entitled to a preference because at the time plaintiff's check reached the bank for payment, the funds on hand were insufficient to pay the check, and at the time the bank closed, and at the time the commissioner took charge, only the sum of $1713.15 passed into the hands of the commissioner, therefore there was no money upon which a trust could operate.

Defendant is correct in his contention that plaintiff must show that the subject of the trust fund passed into the hands of the commissioner in charge of the bank, before he is entitled to a preference, but we do not agree with appellant's contention that only the sum of $1713.15 reached the hands of the commissioner.

The record shows that at the time plaintiff's check was presented for payment, and at the time the bank closed and passed into the hands of the commissioner, it had on hand the sum of $1713.15 in cash, and the sum of $3779.96 on deposit in a checking account in the First National Bank of St. Joseph. However, no part of this deposit ever reached the hands of the commissioner. Defendant bank, was indebted to the First National Bank in the sum of $45,000. Upon learning that defendant bank had closed its doors, the First National Bank credited this deposit of $3779.96 on the $45,000 indebtedness

which defendant bank owed it, and charged said deposit off its books. This left the commissioner in charge with $1713.15 in actual cash together with the other assets of the bank which came to his hands at the time he took charge, which are shown to be as follows.

Assets.
(Rec. 38.)

| | |
|---|---:|
| Bills receivable | $148,167.56 |
| Deposit First National Bank | 3,851.45 |
| Cash & Cash Items | 6,235.10 |
| Expense | 1,885.69 |
| Furniture & Fixtures | 800.00 |
| Real Estate (Banking House) | 4,500.00 |
| Other real estate | 9,400.00 |
| Overdrafts | 240.42 |
| School Bonds | 300.00 |
| Int. & int. paid out | 1,957.45 |
| Total | $177,387.68 |

Liabilities.

| | |
|---|---:|
| Capital stock | $ 10,000.00 |
| Surplus | 5,000.00 |
| Demand deposits | 78,835.32 |
| Time deposits | 35,397.56 |
| Int. & Exchange | 3,154.80 |
| Bills payable | 45,000.00 |
| Total | $177,387.68 |

After the commissioner took charge, he collected notes, sold land, banking house and fixtures and realized therefrom $57,000 in cash. The gist of defendant's contention is that as plaintiff's claim is for $3200, and only $1713.15 in cash, passed into the hands of the commissioner, there was no money in his hands upon which a trust could operate. Valuable assets other than cash, passed into his hands from which he realized the sum of $57,000. In this situation, the question presented is whether or not assets other than cash, in the hands of the commissioner, may be impressed with a trust in plaintiff's favor.

Having already determined that at the time the bank ceased to function as such, it held plaintiff's money as a trust fund, plaintiff's right to a preference should not be denied because plaintiff's money was mingled with the general deposits of the bank and converted into assets other than money, when the assets into which such fund had been converted, passed into the hands of the commissioner in charge of the bank. [Federal Reserve Bank v. Quigley, 284 S. W. 164, 167; Nichols v. Bank of Syracuse, 278 S. W. 793, 795.] In other words,

if the bank held plaintiff's money as a trust fund, he is entitled to a preference, on the showing made that the commissioner in charge of the bank received sufficient assets representing such trust fund, whether the assets so received be actual cash or other forms of property. We therefore hold that plaintiff is entitled to a preference although only $1713.15 in cash was traced into the hands of the commissioner, at the time he took charge of the bank, because the commissioner received other assets representing the trust fund from which he realized $57,000 in cash.

Contention is made that the transactions had did not augment the assets of the bank in the hands of the commissioner. We do not so view the situation. It was the duty of the bank to cash plaintiff's check at the time it was presented for payment. Equity regards that as done, which should have been done. Applying this maxim to the matter in hand, we must regard the check as having been paid, and, so regarding it, the assets of the bank must be considered as reduced in the sum of $3200, at the time the check was presented for payment. If we must consider the assets of the bank reduced in the amount of $3200, then the legal effect of the bank's wrongful refusal to pay the check, increased the assets of the bank in the sum of $3200. [Claxton v. Cantley, 297 S. W. 975, 976, 977; Bank of Poplar Bluff v. Millspaugh, 281 S. W. 733, 735, 736.] The assets so augmented passed into the hands of the commissioner.

Contention is made that the court erred in allowing interest on the judgment from the date of its rendition. It is argued that the scheme for administration of insolvent banks is provided by Article 1, Chapter 108, of the Revised Statutes of Missouri 1919, and contemplates an equitable distribution of the assets of insolvent banks among all of the creditors, and as no provision is made for the allowance of interest, the court erred in allowing it. No authority is cited in support of this contention. Section 6493 of the General Statutes of Missouri 1919, provides that interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, accord or sale of property. This statute is general in its application to all judgments or orders of any court. We see no reason why it would not apply to the judgment rendered in this case, especially so, in the absence of any prohibition in the statutes which govern the liquidation of insolvent banks.

The next and last contention is that plaintiff is not entitled to maintain this action because he did not prove that his claim had been passed upon by competent authority and not approved. Section 11720, Revised Statutes 1919, is cited in support of this contention.

As we gather plaintiff's contention on this score, it is that claims of the character in suit, must first be presented to the circuit court for the purpose of determining priority of payment, and such priority refused by said court, before an action can be maintained on the claim. There is no merit in this contention. Plaintiff's claim was stamped disallowed by the commissioner, and plaintiff's attorney was notified that the claim had been rejected. The statute does not provide that disallowed claims shall be be presented to the circuit court. On the contrary section 11719, Revised Statutes 1919, provides that all claims approved by the commissioner shall be presented to the circuit court for the purpose of determining which of said approved claims, if any, are entitled to priority of payment. In cases where claims have been rejected section 11720, supra, authorizes the claimant to maintain a suit on such rejected claim. The language of this section relative to that matter is as follows:

"When the time within which the commissioner is required to approve or reject claims has expired and at any time within six months thereafter, a claimant whose claim has been duly filed and has not been approved by the commissioner may institute and maintain action thereon against such corporation or banker."

There is no provision of the statute by which a claim against an insolvent bank in process of liquidation, may be presented to the court, except by suit on the claim within the time, and the manner provided in the section last above quoted, after such claim has been rejected.

No complaint is made against the allowance of the $11.49 under count four of the petition as a general claim.

What we have already said necessitates an affirmance of the judgment of the trial court. It is, therefore, unnecessary to either state or consider the facts relative to plaintiff's contention that his claim is entitled to priority of payment for the reasons stated in counts one and two of the petition.

The judgment of the trial court should be and is affirmed. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.