REUBEN LINHART, APPELLANT, v. FARMERS STATE BANK OF NORTH SALEM, ETC., RESPONDENT.—43 S. W. (2d) 1062.

Kansas City Court of Appeals. December 7, 1931

*C. A. Johnson* for appellant.

*R. S. Kathan* and *Chas. K. Hart* for respondent.

CAMPBELL, C.—Plaintiff, on August 29, 1926, placed the sum of $1,144.40, on time deposit with the Farmers Bank of North Salem. The bank issued a time certificate of deposit therefor, payable in one year thereafter. In March, 1927, said bank transferred its assets to defendant which assumed its liabilities. On the morning of September 6, 1927, the assets of the defendant bank were placed in the hands of the Commission of Finance of the State of Missouri for liquidation. Plaintiff brought suit to establish a preferred claim against the assets of said bank. The court denied the claim, and plaintiff has appealed.

It is alleged in the plaintiff's petition that on August 29, 1927, he presented the certificate of deposit to defendant at its banking house during business hours and demanded payment thereof, and that payment was refused. There is no evidence to support that allegation.

Plaintiff testified that on that day he went into the bank and told D. V. Mardis, who was then in charge of the bank, that ''I want my money;'' that Mardis replied ''you will have to check it out.''

"Q. What did Mr. Mardis tell you on the 29th day of August about paying money? A. He never said anything about paying me the money. I told him I wanted my money and he told me I would have to check it out."

Plaintiff did not offer to surrender or endorse the time certificate nor did he present the same. In fact, he testified that the certificate was never in his possession. Upon being told that he would have to check the money out he made no protest but later, on the same day, went to a bank in another town, drew a check in favor of that bank upon the defendant bank for a sum equal to the amount of the time certificate and that check was credited upon a note he owed to the bank in whose favor the check was drawn. On August 31, 1927, he went to the defendant bank and again said he wanted his money, and was again told that he would have to check it out. He then told the banker, "I have already checked it out." Thereupon the banker issued and delivered to plaintiff a deposit slip for the amount of the time certificate, thus placing the money upon general deposit. The check issued by plaintiff was forwarded through the usual channels for collection and was received by defendant's cashier after the bank had closed for business on September 3, 1927. The following day was Sunday, and the next day Labor Day. The bank did not open on the morning of September 6th, nor was it open for the transaction of business at any time after the cashier received the check through the mails on the evening of September 3rd.

There is therefore no evidence to bring the case within the rule stated in the case of Johnson v. Farmers Bank of Clarksdale, 11 S. W. (2d) 1090.

The second count of plaintiff's petition is based upon the check which he gave to another bank, and upon the theory that said check was presented to the defendant bank and payment thereof refused before the bank closed. There is no evidence that the check was received by the defendant bank until after it closed on September 3, 1927, and it was never thereafter open for the transaction of business.

There was a failure to prove the pleaded case. The judgment should be and is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of Campbell, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.