The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts, Complainant, v. Chicago Bank of Commerce, Defendant.
Josephine Glynn, Intervening Petitioner, Appellant, v. Alfred K. Foreman, Receiver of Chicago Bank of Commerce, Appellee.

Gen. No. 36,717.

Opinion filed May 2, 1934.

HARRINGTON & McDONNELL, for appellant; JOSEPH T. HARRINGTON, of counsel.

SCHUYLER, WEINFELD & HENNESSY, for appellee; LAWRENCE NELSON, JR., JACK SIDNEY MORRIS and HERBERT M. JOHNSON, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal by Josephine Glynn, intervening petitioner, from an order entered by the chancellor upon the receiver's petition finding that $12,920.65, in the hands of an insolvent bank, was a preferred claim in favor of the receiver and directing immediate disbursement before adjudicating as to other preferred claims.

From the facts as shown by the various pleadings and petitions it appears that the Chicago Bank of Commerce had been appointed and was acting as re-

ceiver in certain different cases pending in both the circuit and superior courts; that said bank went out of business and closed its doors June 24, 1932, and thereafter one Alfred K. Foreman was appointed receiver of this bank and took charge of its assets. From the records of the bank it appears that at the time of the closing of the Chicago Bank of Commerce there was on hand $27,443.10 in cash and the sum of $66,219.07 due from other banks; that the records of the trust department show a total liability far in excess of the amount on hand in the way of cash and accounts collectible from other banks.

The court found that the sum of $12,920.65, collected by said bank as receiver, prior to its closing, was commingled with the general assets of the bank and that thereupon said assets became a trust fund for the payment of this amount and was, therefore, a preferred and prior claim against the assets of the bank. The chancellor ordered and directed that this amount be paid in full by the receiver of said bank without regard to the allowance of any other preferred or trust claim which may be or has been adjudicated against said bank and that said amount should be immediately disbursed by the receiver prior to payment of any other preferred or trust claims against the bank.

Prior to the hearing of this petition, the intervening petitioner Glynn had filed her petition in said cause setting forth that she was a depositor in the Chicago Bank of Commerce and that the day before the bank closed its doors and while it was still doing business, she presented her check to the bank and demanded payment in full of her account, which she was refused. Upon the hearing of the petition for the receiver, this intervening petitioner asked that her claim be considered before the court ordered a final disbursement of the amount of the funds claimed to be due the receiver Foreman.

The intervening petitioner claims: first, that the receiver is a general creditor and has no right to a preference in the funds of the closed bank; second, that even though the receiver may have a preferred claim it should not be prior to the other preferred claims or trust funds in the hands of the bank; and third, that the order of the court ordering immediate disbursement is erroneous in that the court should have ordered the claim to have been paid in the due course of administration of the receivership and after the court had had an opportunity to pass upon the rights of all other claimants.

It has been insisted that the funds in the hands of the Chicago Bank of Commerce was a preferred claim in favor of the receiver appointed for that institution because of the fact that the funds deposited therein were receivership moneys and, therefore, under the custody and control of the court. In support of this proposition a number of cases are cited based upon the theory that the State by reason of its inherent right of sovereignty has a priority in the payment of claims against the closed bank. We cannot see the application of this principle, however, in the case at bar. When funds in the hands of a receiver are deposited in a bank by such receiver without a direct order of court, they are so deposited at receiver's risk. 23 R. C. L. (Receivers), sec. 89; *Ricks v. Broyles,* 78 Ga. 610.

Where moneys have been deposited by the clerk of a court, under an order of that court in a bank which afterwards failed, it has been held that such a deposit did not become a special fund even though the assets of the bank came into the hands of a receiver. Under such circumstances the clerk must share pro rata with the other depositors of the bank. *Otis v. Gross,* 96 Ill. 612.

Another rule, however, intervenes under the facts in the case at bar. Here the Chicago Bank of Com-

merce had been appointed a receiver and kept the funds of the receivership among its own assets. A separate account was kept of this fund as shown by the records of the bank. Under such circumstances this bank came under the rule that a receiver having moneys in his hands is bound to keep the fund separate and distinct from moneys of his own. It may therefore be presumed that as receiver of these funds, which it held as such, they were kept intact among the assets in the hands of the bank at the time it closed. It is no longer, under the modern rule, necessary to trace such funds.

The Supreme Court in the case of *People v. Bates,* 351 Ill. 439, in its opinion, says: ''The modern doctrine as now established is, that where the form of trust property is changed by a fiduciary and the proceeds mingled with the mass of the assets comprising his insolvent estate the *cestui que trust* may resort to the mass if augmented by the trust property. *Sorenson v. Farmers State Bank of Polk,* 121 Neb. 532, 237 N. W. 857; *Macy v. Roedenbeck,* 227 Fed. 346; *In re City Bank of Dowagiac,* 186 id. 250.''

The Supreme Court of this State in the case of *People v. Peoples Bank & Trust Co.,* 353 Ill. 479, in its opinion, says:

''As to the third point raised or suggested by plaintiff in error, that of tracing the trust fund into the hands of the receiver, there appears to be no dissent among the cases. It is a conclusive presumption in equity that a trustee dissipates or spends his own funds first, before touching or encroaching upon the trust fund. From this it follows that if there was more than the amount of the trust fund on hand at the time the draft was drawn, and at all times thereafter until the closing of the bank, the trust fund must have been included with that which the receiver took over.''

Under the rule as announced, namely, that a receiver is presumed not to commingle his receivership funds with his own, it is apparent that the receivership fund which constitutes a trust fund is among the cash or assets in its hands at the time of its failure, so that the trial court was not in error in finding that the closed bank, Chicago Bank of Commerce, had funds on hand among which was its receivership moneys collected in the due course of its receivership.

The claim of the intervening petitioner to the effect that its deposit should be construed as a preferred claim inasmuch as it was a trust fund held after demand for payment, has been recognized in various jurisdictions. This is based upon the theory that a bank holds the money of a depositor subject to demand and under the law he is required to pay at once upon the presentation of a check if there are funds sufficient to satisfy it. If demand is made and refused, the bank holds such moneys *ex maleficio* and as a trust for the benefit of the depositor who made the demand. This demand removes such depositor from the class of general creditors to which other depositors belong. *Munn v. Burch,* 25 Ill. 35; *Johnson v. Farmers' Bank of Clarksdale,* 223 Mo. App. 513, 11 S. W. (2d) 1090; *Bryan v. Coconut Grove Bank & Trust Co.,* 101 Fla. 947, 132 So. 481, 134 So. 229; *Claxton v. Cantley* (Mo. App.), 297 S. W. 975; *Mallett v. Tunnicliffe,* 102 Fla. 809, 136 So. 346, 137 So. 238.

From a careful reading of the opinion in the case of *People v. Dennhardt,* 354 Ill. 450, we are of the opinion that the Supreme Court of this State has recognized this principle. In that case Dennhardt drew a check upon his account and presented it at the bank for payment. Instead of paying the check in money a draft on the Continental Illinois Bank and Trust Company of Chicago was drawn and issued. The next day the drawee bank failed and the draft was dishonored.

The Supreme Court held that under the statute in this State, being paragraph 2 of section 13 of "An Act defining the relations between banks and their depositors with respect to the deposit and collection of checks and other instruments payable in money, approved July 8, 1931," Cahill's St. ch. 16a, ¶ 37, the plaintiff Dennhardt became a preferred creditor when the bank charged his account with the amount of his check and issued the draft. The Supreme Court, however, in concluding its opinion, says: "The defendant in error did not request the draft on the Continental Illinois Bank and Trust Company and his right to a preference became fixed regardless of the issuance of the draft." In other words the depositor, regardless of the statute, by making his demand and being refused, created a situation under which he became a preferred creditor and the bank held his money *ex maleficio* or as a trust. It cannot be argued that the check of intervenor was an assignment of funds because the check was made out to a drawer. *People v. Peoples Bank & Trust Co.*, 353 Ill. 479.

Holding as we do that the claim of the intervening petitioner was a preferred claim held as a trust by the solvent bank at the time of its failure, it has a right to pro rate together with other preferred claims and the claim of the receiver Foreman pro rata according to the amount of the respective claims, in the funds in the hands of the bank which are found to be subject to the payment of preferred claims. There is in our opinion no reason why the claim of the receiver should have precedence over the claim of other *cestui que trusts*. The chancellor erred in ordering an immediate disbursement of the funds claimed by the receiver Foreman to the various receiverships. The order should have directed the receiver Foreman to pay this money due the various receivership estates in the due

course of the administration of the receivership, and after payment of costs and expenses. *People v. Bates, supra.* Before proceeding to distribute said fund, the chancellor should have heard the various petitions of others claiming a preference in the assets of the insolvent bank, Chicago Bank of Commerce, as well as evidence as to the claim of the intervening petitioner.

That part of the order finding the receiver Foreman entitled to a preference is affirmed and that part of the order which directs immediate distribution is reversed and the cause is remanded to the circuit court with directions to proceed in conformity with the views expressed in this opinion.

*Affirmed in part and reversed in part and remanded with directions.*

MR. JUSTICE HEBEL specially concurring: I concur in the conclusions reached by the court, but am not in accord with the opinion in passing upon the merits of the claim of the intervenor and appellant, Josephine Glynn, which claim is still pending and undisposed of in the trial court, and is not properly before this court on this appeal.

MR. PRESIDING JUSTICE HALL concurs in the specially concurring opinion.