Jones, J.
 

 The trial court allowed the claim of the executrix as a valid general claim, but denied its preference over general creditors. The appellate court decreed that the claim be allowed as a preferred claim. Conceding that there was a divergence of judicial authority upon the legal question involved, the Court
 
 *441
 
 of Appeals rested its decision upon decisions of the Missouri courts, and notably upon the case of
 
 Johnson
 
 v.
 
 Farmers Bank of Clarksdale,
 
 223 Mo. App., 513, 11 S. W. (2d), 1090.
 

 The Ohio appellate court held that when the bank, on June 14, 1931, denied withdrawal of the executrix’s-balance, concededly due, the relation of debtor and creditor terminated
 
 eo instanti,
 
 the bank then becoming a trustee for the amount due. Because it was impossible for the executrix to procure a judgment in the short time intervening between June 14, 1931, and June 17,1931, the Court of Appeals applied the maxim that equity regards as done that which should have been done, and based its decree accordingly. We fail to see how that equitable principle applies here. The relation of debtor and creditor continued to subsist. While the voluntary relation of debtor and creditor depositor may have terminated as between the bank and its depositor, nevertheless a new relation of debtor and creditor arose and continued to subsist as a claim or chose in action against the bank; but, even so, the procurement of a judgment thereon would not have impressed the bank funds with either lien or trust unless later followed by legal process and sequestration. The transaction involved was not a special deposit, nor was there a sequestration of any specific or identifiable
 
 res
 
 in the bank assets which would give one general creditor priority over other general creditors.
 
 Richards
 
 v.
 
 Fulton,
 
 75 F. (2d), 853. Under the conceded facts, the executrix at all times was a creditor of the bank and, like other creditors, was entitled to participate in the distribution of its assets. By her insistence here, she endeavors to obtain priority over other general creditors who had no part in the bank’s wrongdoings and who would suffer financially were she decreed priority.
 

 While circumstances might arise where the court should apply to the bank or its officers the principle that “equity will presume the parties to have done
 
 *442
 
 what under the contract and in good conscience they should have done”
 
 (Klaustermeyer
 
 v.
 
 Cleveland Trust Co., Assignee,
 
 89 Ohio St., 142, 105 N. E., 278, cited in the opinion of the Court of Appeals in the instant case), that principle, in good conscience, should not be applied to an insolvent bank’s general creditors, who are the real owners of the bank assets and innocent of wrong. As to the executrix, the bank stands “just as it does to its other creditors, their [her] debtor, not their [her] trustee.”
 
 Fagan
 
 v.
 
 Whidden,
 
 57 F. (2d), 631.
 

 We do not have the usual question of ordinary trust relationship. There was no specific trust agreement; no special deposit; no segregation of any specific
 
 res to
 
 which a trust could attach. We are in accord with the views of the trial court that no trust was created or preference acquired by the executrix and that the Superintendent of Banks should be ordered to allow her claim, as a valid general claim only.
 

 The judgment of the Court of Appeals is reversed, and, proceeding to render the judgment that court should have rendered, a decree will be entered as above indicated.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Matthias, Day and Zimmerman, JJ., concur.